**UNITED STATES of America**

v.

**Carlos Manuel GONZALEZ.**

**Cr. No. 12826.**

United States District Court, D. Connecticut.

Oct. 23, 1970.

F. Mac Buckley, Asst. U. S. Atty., Hartford, Conn., for plaintiff.

Sherin V. Reynolds, Reid & Reige, Hartford, Conn., for defendant.

RULING ON MOTION TO SUPPRESS EVIDENCE

CLARIE, District Judge.

The defendant has moved under Federal Criminal Rule 41(e) to suppress as evidence 6.4 grams of heroin seized from his person as a result of a round up of

drug offenders. The basis of his motion is that the seizure was made without a warrant and did not fall under the "stop and frisk" exception to the search requirements prescribed by the constitutional guarantees of the fourth amendment. The Court finds that the search and seizure in question was unconstitutional and grants defendant's motion to suppress.

The Government and the defendant essentially agree to the factual circumstances as recited in defendant's brief. On June 20, 1970, a Government agent (Koplowski), Detective Schatz of the Hartford Police Department and an unidentified Government agent began searching for one Raul Rosario, who was wanted in connection with a multiple arrest of several dope peddlers in the Hartford area. Rosario's arrest was sought pursuant to a warrant issued on June 19, 1970. At approximately 10:12 p. m. on a Saturday evening, the agents spotted Rosario's car and followed it for a few blocks. There was a passenger in the car whom the officers could not identify.

At Main and Belden Streets where Rosario's car momentarily stopped, Detective Schatz' car pulled up in front of him and the Government car, which Special Agent Koplowski was driving, pulled up behind. The officers immediately jumped out of their vehicles and proceeded to arrest Rosario for whom they had a warrant. Meanwhile, Detective Schatz approached the passenger side of the blocked car and seized the defendant. At the direction of Detective Schatz, Agent Koplowski led the defendant by the arm from Rosario's vehicle to the Government car which was to the rear.

The defendant was ordered to place his hands on top of the car and stand with his feet apart. Agent Koplowski then proceeded to "frisk" him for weapons. Agent Koplowski claimed to have frisked the defendant because of his being in the company of Rosario at the time the latter's arrest warrant was executed. He also represented that this was the normal police procedure under such circumstances. In the course of these frisk procedures, he detected a bulge in the upper right inside pocket of the defendant's suit jacket. He reached into the defendant's pocket and seized an open cigarette package. The pack was open at the top; and while nothing was protruding, several (ten) glassine envelopes could be seen through the opening at the top of the package. It was subsequently determined that these glassine packages contained heroin, however, no weapons were found on the defendant.

The Government would utilize this evidence on the theory that it was uncovered during a reasonable search for weapons for the protection and safety of the police officer. This argument was approved in Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), a case which involved a "frisk" on the street of a suspicious group of men and which led to the conviction of two men for carrying revolvers. The Court first made the point that under these circumstances it was reasonable for the frisk to take place. The issue is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." (at 27, 88 S.Ct. at 1883). A further issue is whether the search is reasonable as conducted. On this point the Terry case reads:

"(The police officer) * * * is entitled for protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him." (at 30, 88 S.Ct. at 1884).

The present case indicates that the officer's initial accosting of the defendant and the frisk which followed were indeed reasonable under the circumstances. The arrest of Rosario took place at night and in a high crime area. The defendant was attempting to exit from the car when he was seized and restrained

by Detective Schatz. It was possible that the defendant might have tossed a weapon to his friend who was being arrested. In light of the "protean variety of the street encounter" (*Terry* at 15, 88 S.Ct. at 1876) it cannot be said that this initial frisk was unreasonable.

The extent of the frisk that subsequently occurred, however, was beyond the bounds set in the *Terry* case. When Special Agent Koplowski frisked the defendant, he felt a soft bulge in the defendant's pocket. Thinking that the packet might have contained a razor blade, which the agent described as a dangerous weapon, he invaded the defendant's pocket and pulled out the cigarette package containing the glassine heroin bags. This was not a carefully limited search of the defendant's outer clothing to check for weapons as authorized in *Terry*. This frisk intruded upon the personal effects of the defendant unreasonably and without probable cause. Having felt a soft packet wrapped in cellophane, the agent was not entitled to search further into the defendant's pocket on the improbable ground that there might have been a weapon of the type described hidden in the packet. In similar cases to the present one, where the officers proceeded to search in the defendant's clothing after feeling some soft object, obviously not a weapon, courts have struck down the frisk as not sufficiently limited and unreasonable. *See*, Tinney v. Wilson, 408 F.2d 912 (9th Cir. 1969) and United States v. Hostetter, 295 F.Supp. 1312 (D.Del.1969).

Therefore because the evidence in question was not procured incident to a lawful arrest and was taken by means of a frisk that went beyond the scope approved in *Terry*, it is hereby adjudged that the cigarette pack containing the glassine bags of heroin was obtained from the defendant illegally and must be suppressed as evidence.

So ordered.