**Clifford ANDERSON a/k/a Clifton Anderson, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

No. A–16401.

Court of Criminal Appeals of Oklahoma.

March 24, 1971.

Don Anderson, Public Defender, for plaintiff in error.

Larry Derryberry, Atty. Gen., Robert H. Mitchell, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Clifford Anderson a/k/a Clifton Anderson was charged, tried and convicted in the District Court of Oklahoma County of the offense of Carrying A Concealed Weapon After Former Conviction of a Felony, his punishment fixed at five years imprisonment, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial adduced that on May 5, 1970, Officer Nance of the Oklahoma City Police Department, and his partner were on patrol. He testified that he observed a vehicle in the vicinity of 24th and Eastern about 8:30 P.M. with one headlight off and the other one shining intermittently. The defendant was seated in the front passenger seat and one Walker [his first name is Jerry] was driving. There were three passengers in the rear; Bird in the middle, Henderson on one side and Berkley on the other. The officers stopped the car on Madison, which was one block away, by red light and siren and Nance noticed Bird leaning over making motions with his arms. Officer Roddy approached the car on the left and Nance on the right. Nance asked the three persons in the rear seat for identification. Bird produced identification and then Nance asked the three in the rear seat to step from the vehicle. They did so and Nance then got in the back seat and found a .32 cal. loaded automatic pistol under an arm rest in the center of the rear seat. Nance then asked defendant to step from the seat which defendant did. Nance

thereupon searched under the front passenger seat and found a .22 revolver. Meanwhile his partner Roddy found another .22 revolver under the driver's seat. The automobile was registered to Bird (Tr. 16).

Officer Roddy of the Oklahoma City Police Department testified as did Nance concerning the stopping of the vehicle and the occupants of the car. Roddy approached the driver's side of the car and asked the driver, Walker, for his driver's license. Walker did not have one so Roddy asked him to step from the vehicle and Roddy put Walker in the scout car. By this time Nance had moved the other occupants from the car and discovered the pistol under the arm rest in the rear seat, and the .22 pistol under the front passenger seat. Roddy then returned to the driver's side and found the other .22 pistol under the driver's seat. There was no arrest warrant or search warrant.

Officer Mullins of the Oklahoma City Police Department testified that he talked to defendant in the Oklahoma City Jail on the morning after the arrest, after defendant was first warned of the rights against self incrimination. Defendant told Mullins that Berkley had put the three pistols in the car and defendant knew they were there before being arrested.

For the defendant, Alvin Bruce Berkley testified that on the evening of May 5, 1970, he was playing baseball on a school playground when Bird drove up and Berkley arranged for a ride with him. While Bird was gone from his car Berkley hid the guns in the car without telling anyone. He had earlier found the guns in a paper sack hidden in bushes on the school grounds. He paid a fine in police court for possession of the guns.

The sole proposition of error contends that the evidence was obtained in an unlawful search. The law is well settled in Oklahoma that a search may not be made upon the mere suspicions of a police officer in the absence of a warrant. However, an officer may arrest a person without a warrant for a public offense committed or attempted in his presence and in the process of the arrest, the officer may search the subject and the area in his immediate control.

In similar cases this Court has carefully examined the evidence to determine if the offense is real and not a triviality, excuse or subterfuge to enable the officers to make a search. In the instant case the evidence is uncontroverted that the vehicle had faulty headlights. The defendant's witness Berkley testified that one headlight wasn't working (Tr. 61). The officers stopped the vehicle at the first opportunity within one block; further the driver of the vehicle did not have an operator's license.

In the case of Fields v. State, Okl.Cr., 463 P.2d 1000, Judge Brett stated:

"[I]n the instant case, there was no apparent justification for searching the glove compartment of the automobile since it was certainly not 'within his reach,' nor in plain view. If the defendant had remained in his car, a search of the interior of his automobile within the area in which he might reach for a weapon or to destroy evidence would have been justified. However, when the defendant left his automobile and approached the officers, under the facts here, being alone with no one else in the car it would have been impossible for him to reach into the glove compartment to secure a weapon or destroy evidence. Since defendant had no access to the area searched, the search was not permissible or reasonable. *Had there been other occupants in the car the result herein would, no doubt, be different.*" (Emphasis added).

The Eighth Circuit has held that two guns under an overcoat in the back seat of a vehicle were within the area of immediate control while the arrested individual was within "leaping distance" of the vehicle. Application of Kiser, 8 Cir., 419 F.2d 1134 (1969).

This Court has not and will not condone actions of police officers in manufacturing charges to justify searches. However, the

evidence in the instant case reveals that the officers observed a traffic violation and immediately stopped the vehicle. One officer observed unusual movements in the back seat. The driver and the three occupants of the back seat got out of the car. The officer found the first weapon while the defendant was still in the front seat. Two additional weapons were discovered, one of which was directly under where the defendant was seated. We are of the opinion that the search was reasonable and was not remote in time to the arrest. In these troubled times of this country, the unwarranted wounding and slaying of police officers is at an all time high. Police officers should not be required to take unnecessary risks in the performance of their lawful duties.

In conclusion we observe that the record is free of any error which would justify modification or reversal and under such circumstances the judgment and sentence is accordingly affirmed.

NIX and BRETT, JJ., concur.