Michael Ray RICCI and Gregory Lewis Turk, Appellants,

v.

The STATE of Oklahoma, Appellee.

No. A–16780.

Court of Criminal Appeals of Oklahoma.

Feb. 2, 1973.

Bill Sexton and Lewis F. Oerke, Lawton, for appellants.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

### OPINION

BLISS, Presiding Judge:

Appellants, Michael Ray Ricci and Gregory Lewis Turk, hereinafter referred to as defendants, were charged, tried, and convicted in the District Court of Comanche County, Case No. CRM–70–1071, for the crime of Unlawful Possession of 114 Capsules of Lysergic Acid Diethylamide, commonly known as LSD. They were sentenced to serve a term of 6 months confinement in the County Jail and fines of One Hundred Dollars ($100.00) each, in accordance with the verdict of the jury and a timely appeal has been perfected to this Court.

It is charged in the Information that on or about the 2nd of October, 1970, Michael Ray Ricci and Gregory Lewis Turk, conjointly and while action together did willfully, unlawfully and wrongfully have in their possession 114 capsules of the stimulant LSD, the drug not having been obtained on the prescription of a practitioner.

The State's evidence, in chief, shows that on October 2, 1970, State Trooper, Paul Griffin of the Highway Patrol, was travelling West on State Highway 49 when he passed a black Chevrolet with a loud exhaust system and in looking in the rear view mirror also noticed that the tag light was out. He turned his vehicle around and dropped in behind the vehicle and followed the vehicle about 1½ miles to a wide spot in the road where he turned on his light and pulled the car over. He asked the defendant driver, Michael Ricci, to step out of the car with the intention of issuing a summons for a loud exhaust system. At this time the trooper noticed the defendant passenger, Turk, sitting in the front seat, make a movement down into the seat with what looked like his left hand, placing

something in his right hand and into a pocket on his jacket that he was wearing. The trooper had Ricci place his hands on the car while he stepped to the other side of the car and asked Turk to step out. At this time he made a "pat-type" search for a weapon. His testimony is as follows:

"I didn't know what might possibly try to conceal a weapon and I made a search from the outside of the clothing, pat-type search, where we run our hands on the clothing, and in the right lower jacket pocket, I felt a box, and when this—when I felt this box during the search, I heard a noise, appeared to me to be—possibly pills or something of that nature."

After feeling of the box the trooper pulled the box from the lower jacket pocket of Turk and opened it where the quantity of capsules sought to be suppressed were found. At this time he placed both of the men under arrest for possession of controlled drugs, and advised them of their constitutional rights. However, he did not know the true identity of the capsules.

At the trial John P. McAuliff, a chemist with the Oklahoma State Bureau of Narcotics, testified that the substance removed from the defendant Turk's pocket was Lysergic Acid Diethylamide, also known as LSD.

Gregory Lewis Turk testified on direct examination that on the evening in question he was the passenger in Michael Ricci's automobile.

That as the Patrolman stopped the car, witness picked up a box off the seat and put the box in his pocket. On cross-examination, Turk declined to answer concerning the contents of the box, and when ordered by the Court, answered that the box contained capsules of an organic mescaline nature. He denied any knowledge of the box, or how the box happened to be where it was, witness stated that he "found" the box in the front seat of the automobile where he was a passenger. When questioned as to why he picked up the box, he related that he did not want to "have any trouble."

On further questioning, he did not explain how he knew the box contained mescaline, but he did know that mescaline was a "hallucinogenic that the Indians compound out of the Peyote Cactus."

Turk denied using drugs, but admitted association with users. On further examination he testified that he did not know what the box contained until after he was arrested, that the reason he placed the box in his pocket was out of impulse. On redirect examination, he admitted that he knew that there was some form of drug, but did not know specifically.

Michael Ray Ricci, co-defendant, testified that he was in fact the owner and driver of the automobile on the night in question. He denied knowledge and ownership of the box, and related that he had not seen the box prior to the Patrolman handling the box.

It is first contended on appeal by the defendant that the trial court erred in its failure to sustain the defendant's motion to suppress.

■ It has long been established that ordinarily a minor traffic violation will not support a search and seizure. However, when special circumstances arise the officer is justified in making a search of the person for possible weapons. Lawson v. State, Okl.Cr., 484 P.2d 1337 (1971).

■ It is the contention of the State that the movement of Turk with his hands was sufficient to constitute special circumstances. With this contention we agree. In Anderson v. State, Okl.Cr., 483 P.2d 346 (1971), it was held that the unusual movements, similar to those made by Turk, by one of the occupants of the car was justifiable grounds for search and seizure of the person for weapons and those weapons found were admissible in court as evidence.

■ According to Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), the police officer "is entitled for protection of himself and others in the

area to conduct a carefully limited search of the outer clothing of such person in an attempt to discover weapons which might be used to assault him." But it sould be noted that the scope of this search, when justified, is very limited and is confined to an intrusion reasonably designed to discover guns, knives, clubs to other hidden instruments for the assault of a police officer.

In the principal case, however, we feel that the search went beyond the limits set forth in Terry v. Ohio, *supra*. In similar cases to the present one where officers searched the defendant's clothing and found objects in the clothing which were obviously not weapons and reached in and seized the objects, the courts have struck down the frisk as not sufficiently limited and unreasonable. Tinney v. Wilson, 9th Cir., 408 F.2d 912 (1967); United States v. Hostetter, D.C.Del., 295 F.Supp. 1312 (1969); United States v. Gonzalez, D.C. Conn., 319 F.Supp. 563 (1970).

In Tinney v. Wilson, *supra*, the officer made a "pat-down" type search for weapons and felt a bulge in the pocket that appeared to the officer to be "pills or something" and he seized them. The court held that this was a violation of his constitutional rights and the motion to suppress should have been sustained at the trial court. The court said:

> "As the testimony of Officer McGill indicates, Tinney was not in fact arrested until after Officer McGill had actually entered the pocket of Tinney's coat and removed the packet of pills and had seen that they were, or at least appeared to be, the drug Seconal. This action surely constituted a search of Tinney's person which went far beyond a 'frisk' for weapons."

In Colorado v. Bueno, Colo., 475 P.2d 702 (1970), it was held that "rings and keys that were seized were not shown by any evidence produced at the hearing to have been taken from the defendant under the belief that they might be a weapon or weapons, and therefor they should not

have been removed from the appellant's coat."

"The right to 'stop and frisk' is not an open invitation to conduct what amounts to an unlimited search incident to arrest, but as indicated above a limited search of the outer clothing for weapons." Sibron v. New York, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), and Colorado v. Bueno, Colo., 475 P.2d 702 (1970).

In the principal case it is evident from the testimony that the trooper was justified in conducting a search for weapons on the defendant Turk. However, he exceeded the limits of his search when he felt the box in the pocket of the defendant and knew it not to be a weapon but "possibly pills or something of that nature." There was no evidence to indicate that what he thought he was removing was a weapon. Therefore the search violated the defendant's Fourth Amendment rights and we find that the defendant's motion to suppress should have been sustained by the trial court.

The judgment and sentence is reversed and remanded.

BUSSEY and BRETT, JJ., concur.