**Daniel James WEST, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–73–130.**

Court of Criminal Appeals of Oklahoma.

Aug. 30, 1973.

Jack N. Shears, Ponca City, for appellant.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Kenneth L. DeLashal, Jr., Legal Intern, for appellee.

PER CURIAM:

Appellant, Daniel James West, hereinafter referred to as defendant, was charged, tried, and convicted in the District Court of Kay County, Case No. CRM–72–287, for the offense of Possession of Marijuana; his punishment was fixed at six (6) months in the county jail, and from said judgment and sentence a timely appeal has been perfected to this Court.

Inasmuch as this case must be reversed, we do not deem it necessary to recite a detailed statement of facts; suffice it to say that the State's evidence adduced that in the early morning hours of September 18, 1972, the arresting officer received several radio messages indicating that a Highway Patrolman had been murdered in Okla-

homa City and that he was to be on the lookout for a Mustang and either a 1954 or 1964 Chevrolet. He stopped defendant's vehicle, a 1953 Chevrolet, to "check for weapons." Defendant got out of the car and went to the back of the vehicle where he showed the Highway Patrolman his driver's license. The patrolman went to the passenger side of the vehicle and asked the passenger, defendant's brother, to also get out of the car. As the passenger was getting out of the car, the officer observed an open-bladed knife laying in the open glove box. The officer shined his light underneath the front seat and observed a metal box described as being six or seven inches long, four or five inches wide, and two or three inches deep, under the front seat. He opened the metal box and observed a pipe, some tweezers, and a small tobacco bag. Upon opening the tobacco bag, he observed a substance which smelled and looked like marijuana. He admitted on cross-examination that the service revolver taken from the murdered Highway Patrolman would not fit into the small metal box. He further admitted that he knew by the weight of the small tobacco bag that it did not contain a weapon.

Defendant asserts that the trial court improperly overruled his Motion to Suppress the evidence. We are of the opinion that this proposition is well taken. In the recent case of Ricci v. State, Okl.Cr., 506 P. 2d 601, we stated:

"In the principal case it is evident from the testimony that the trooper was justified in conducting a search for weapons on the defendant Turk. However, he exceeded the limits of his search when he *felt the box in the pocket of the defendant and knew it not to be a weapon* but 'possibly pills or something of that nature.' There was no evidence to indicate that what he thought he was removing was a weapon. Therefore the search violated the defendant's Fourth Amendment rights and we find that the defendant's motion to suppress should have been sustained by the trial court." [emphasis added]

The judgment and sentence is accordingly reversed and remanded with instructions to dismiss.