UNITED STATES of America, Appellee,

v.

Robert SIFUENTES, Appellant.

No. 74–1369.

United States Court of Appeals, Fourth Circuit.

Argued July 24, 1974.

Decided Oct. 30, 1974.

Michael Branham, for appellant.

David H. Hopkins, Asst. U. S. Atty., E. D. Va. (Brian P. Gettings, U. S. Atty., on brief), for appellee.

Before CRAVEN, BUTZNER and FIELD, Circuit Judges.

BUTZNER, Circuit Judge:

This appeal questions whether the admission into evidence of some 826 pounds of marijuana, taken without a search warrant from Robert Sifuentes' rented truck, violated his rights under the fourth and fourteenth amendments. The district court denied a motion to suppress this evidence, and Sifuentes was convicted for possessing the drug

with intent to distribute it.[1] We affirm.

Several hours after Sifuentes checked into a motel in Fairfax, Virginia, he was arrested there for carrying a concealed weapon, a misdemeanor. Later he was charged with abduction, a felony, as a result of forcing a porter to accompany him to the lobby at gunpoint during the afternoon.

■ When he was booked on the first charge, he was routinely searched by the police, who found a key to a Ford vehicle among the items in his pockets. Testimony about his reaction to this discovery varied. An officer stated that Sifuentes denied any knowledge of the key or the vehicle to which it belonged. Sifuentes testified that he simply remained silent about the key. The court credited the officer's version, and we must accept this finding. Campbell v. United States, 373 U.S. 487, 493, 83 S. Ct. 1356, 10 L.Ed.2d 501 (1963).

After Sifuentes expressed concern about his suitcase, which had been left in the lobby, two policemen returned to the motel to pick it up for safekeeping. The motel manager also requested its removal. At that time the officers examined the motel register, which indicated that Sifuentes had checked in with a panel truck. The license number on the register matched that of a locked rental truck in the motel parking lot. The policemen examined the truck from the exterior but did not enter it. The night manager then requested one of them to remove it from the motel lot.

■ As a result of Sifuentes' denial of any knowledge of the truck and the contradictory motel registration form, the officers believed that the truck might have been stolen, a common problem with rental vehicles. This suspicion, coupled with the night manager's request that the truck be removed, led to the decision to impound the vehicle by securing it with a guard.[2] The officers then returned to the police station and made an inconclusive investigation to determine whether the truck had been stolen.

The detectives to whom the case had been assigned decided to move the truck to the police garage for storage and for inventory of its contents in accordance with departmental regulations. They also notified a county narcotics investigator that a check of Sifuentes' record indicated that he had previously violated narcotics laws. A police sergeant, the narcotics agent, and the detectives then went to the motel to move the truck to the garage. When the officers opened the truck to drive it away, they smelled a strong odor of marijuana. They immediately examined the contents of several closed boxes which they saw inside the truck. All of the boxes contained marijuana.

In the meantime, a lawyer had been obtained for Sifuentes. Contrary to Sifuentes' statements to the police, he revealed to the lawyer that he had parked the truck at the motel. Without the knowledge of the police, the lawyer went to the motel to see where the truck was, but by the time he arrived the police had moved it.

This case does not precisely fit into any of the categories recognized by the Supreme Court as justifying the warrantless search of a motor vehicle. The government does not contend that the

---

1. Judge Oren R. Lewis heard and decided the motion to suppress the evidence. Judge Albert V. Bryan, Jr. presided at the trial.

2. Throughout the trial, witnesses, lawyers, and the court variously referred to the impoundment of the truck as occurring either when it was placed under guard or when the truck was moved to the police garage several hours later.

The district court, in accordance with the views expressed by Sifuentes' counsel, ruled that the impoundment took place when the truck was placed under guard. Since the guard effectively prevented anyone from having access to the truck, we agree with Sifuentes and the district court that posting the guard impounded the truck. Cf. Chambers v. Maroney, 399 U.S. 42, 52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970).

truck was readily mobile and that the police had probable cause to search it. The seizure of the marijuana, therefore, cannot be justified under the rationale of Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), or Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Similarly, the officers' lack of information about the truck's contents precludes resort to the theory that it was subject to forfeiture. *Cf.* Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967). Nor could it be impounded as evidence of crime. *Cf.* Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968). The search was remote in time and place from Sifuentes' arrest; therefore, it cannot be justified as incident to an arrest. *See* Preston v. United States, 376 U.S. 364, 367, 84 S. Ct. 881, 11 L.Ed.2d 777 (1964). The seizure, however, can be sustained under the plain view doctrine.

■ The warrantless seizure of objects in plain view does not violate the fourth amendment if the initial intrusion of the police is lawful and their discovery of the evidence is inadvertent. *See* Coolidge v. New Hampshire, 403 U. S. 443, 466, 470, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971); Harris v. United States, 390 U.S. 234, 236, 88 S.Ct. 992, 19 L. Ed.2d 1067 (1968). When the police opened the door of the van, they saw the boxes and smelled a strong odor of marijuana. These facts combined to place the contraband in plain view, that is, obvious to the senses. Moreover, discovery was inadvertent. Although a narcotics detective had joined the police because of Sifuentes' prior narcotics record, there is no proof that the officers knew in advance of the contraband or that they intended to seize it. The information about Sifuentes' narcotics record undoubtedly aroused suspicion, but the impoundment of the truck by placing a guard over it was made before the police learned of his earlier involvement with drugs. In this respect, the case differs from Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), where the police's prior knowledge of the evidence and their intention to seize it demonstrated that they did not act inadvertently.

■ The critical question is whether the officers' initial intrusion into the truck was lawful. They acted because of three facts: Sifuentes' denial of any knowledge of either the vehicle or its key, the contradictory entries on the motel register linking Sifuentes to the truck, and the manager's request that they remove it from the motel parking lot. These facts induced the police to impound the truck by placing it under guard and subsequently to move it to the police station. Their initial intrusion resulted from the impoundment.

In two recent cases, the Supreme Court held that impoundment provided a lawful reason for initial intrusion into a vehicle whose operator was detained in custody. *See, e. g.,* Cooper v. California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967); Harris v. United States, 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968). In a third case, Cady v. Dombrowski, 413 U.S. 433, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973), the Court found the initial intrusion lawful after the police had exercised control over a disabled vehicle by having it towed to a private garage, even though they had relinquished physical custody. In *Cooper,* the court justified the initial intrusion because it afforded protection for the officers; in *Harris,* the intrusion was for the justifiable purpose of protecting the owner's property; and in *Cady,* justification arose out of the necessity to protect the public. *See* Cady v. Dombrowski, 413 U.S. 433, 447, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973).

Although the facts of this case differ from those in *Cooper, Harris,* and *Cady,* the underlying principles of these cases are applicable. Here, too, the police acted reasonably to impound the vehicle.

Sifuentes' disavowal of knowledge about the truck, which was contradicted by the motel register and his possession of the key, justified the police in believing that it might have been stolen. Sound police practices dictated impoundment of the vehicle to protect both its rightful owner and the motel. The decision to remove it to the police station complied with departmental regulations and relieved the officer who had been assigned to guard duty. Here, as in *Cady*, the police were performing, though for different reasons, "community caretaking functions." *Cady*, 413 U.S. at 441, 93 S.Ct. 2523. Their initial intrusion was reasonable and lawful. Therefore, their seizure of contraband in plain view did not violate the fourth amendment. Sifuentes' request for his lawyer to check on the truck did not relieve the police of their responsibility, especially since they were unaware of the lawyer's investigation.

■ Sifuentes assigned two other errors. He asserted that since a state court had previously suppressed the same evidence, the district court was collaterally estopped from admitting it. State law, however, is not controlling, Cooper v. California, 386 U.S. 58, 61, 87 S.Ct. 788, 17 L.Ed.2d 730 (1967), and lack of identity between state and federal governments precludes estoppel. United States v. Smith, 446 F.2d 200, 202 (4th Cir. 1971). *See* Ashe v. Swenson, 397 U.S. 436, 443, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) (dictum).

Sifuentes also complained that the government failed to prove that the marijuana was the species proscribed by 21 U.S.C. §§ 841(a)(1) and 802(15) (1970). We agree with other courts that have rejected this contention. *See, e. g.*, United States v. Gaines, 489 F.2d 690 (5th Cir. 1974); United States v. Rothberg, 480 F.2d 534 (2d Cir. 1973); United States v. Moore, 446 F.2d 448 (3d Cir. 1971). *Cf.* United States v. King, 485 F.2d 353, 360 (10th Cir. 1973).

The judgment is affirmed.