Jessie NEAL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–84–570.

Court of Criminal Appeals of Oklahoma.

March 4, 1985.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

## MEMORANDUM OPINION

BUSSEY, Judge:

Appellant, Jessie Neal, was convicted in the District Court of Comanche County in Case No. CRF–83–759 of Unlawful Possession of Phencyclidine and sentenced to four (4) years imprisonment, and he appeals.

Briefly stated the facts are that on November 17, 1983, Officer Harris, a Lawton Police Officer, after receiving an anonymous tip, procured a search warrant to search an automobile owned by Gene Block. At approximately 6:00 p.m. on the same day, Officer Harris, who was parked in an unmarked vehicle, had Mr. Block's automobile under surveillance as it was parked at a residence in Lawton. When the vehicle left the house, Officer Harris radioed ahead for Officer Carden to stop the 1976 white over blue Cadillac. When the vehicle stopped, Officer Carden directed the occupants to get out of the car since the windows on the side and the back of the automobile were darkly tinted. The occupants of the car remained inside the car for approximately one (1) minute, and then the driver emerged from the vehicle and appellant emerged from the vehicle on the passenger side and proceeded to walk toward his house which was across the street from the vehicle. When the officer ordered appellant to stop, he returned to the stopped vehicle, and at that point, Officer Harris arrived at the scene. Officer Harris testified that as he arrived at the location, he observed the appellant move his hands suddenly toward his pocket. He further testified that, as a precautionary measure, he drew his service revolver and eased up behind appellant and initiated a pat-down search.

Officer Harris then testified that he put his gun back into the holster and proceeded to search the appellant, but that as he touched the right side of his coat pocket, he immediately threw his hand down and clamped his hand over the top of the officer's hand. Therefore, appellant was forcibly restrained and the search was continued. Officer Harris stated that he was unable to determine the contents of appellant's jacket so he removed several items from appellant's coat pocket: a cigarette lighter, a pocket knife, a notebook, various papers, and a brown medicine bottle. After removing the contents from appellant's jacket, Officer Harris opened the medicine bottle and smelled the contents and determined that it was phencyclidine. Appellant was arrested, and a laboratory analysis proved that the substance was phencyclidine.

Appellant raises two assignments of error on appeal only one of which we deem necessary to consider in this opinion.

### I

In his first assignment of error, appellant contends that the trial court committed fundamental error by not sustaining appellant's motion to suppress the illegally seized evidence. We agree.

Although the right to initially stop appellant was questionable in the instant case, we are of the opinion that once the officer ascertained that appellant had no weapons on his person, his right to search him terminated and the warrantless search of the contents of the bottle was unlawful, since the search of the bottle was not "an intrusion reasonably designed to discover instruments of assault" as required by *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

Since the evidence of the illegal search was improperly admitted into evidence, this case is **REVERSED** and **REMANDED** with instructions to **DISMISS**.

PARKS, P.J., and BRETT, J., concur.