835 F.2d 876
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alex WEST, Defendant-Appellant.
 No. 86-5085.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 20, 1987.
Decided Dec. 2, 1987.
 
 Alex West, appellant pro se.
 Jack I. Hanly, Office of United States Attorney, for appellee.
 Before DONALD RUSSELL, WIDENER, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alex West was convicted of conspiracy to possess piperidine with the intent to manufacture phencyclidine (PCP) and he appeals, acting pro se. We affirm the conviction.
 
 
 2
 West was alleged to be one of two men who accompanied co-defendant Mansour Ali to a series of meetings with Louis Buckingham, president of Premier Chemical Company, which is located in Burke, Virginia. West was introduced either as "West" or, as Buckingham understood it at the time, "Wes." At these meetings Ali purported to be one Arnold Smith, owner of a janitorial business in Philadelphia, and purported to be interested in buying chemicals for his business and others in the area.
 
 
 3
 Ali ordered seven chemicals for three businesses, providing a phone number and the name of a purchasing agent for each. Buckingham called the numbers he was given for all the businesses and verified the orders.
 
 
 4
 At this point, Buckingham was visited by John St. Lawrence, a man whom he had known for some years, and who had ordered chemicals from Premier Chemical Company from time to time. Before Ali's first meeting with Buckingham at Premier Chemical, St. Lawrence had called him to say that he had referred to Premier a man looking for chemicals for his cleaning business. Now, St. Lawrence appeared and told Buckingham that a company called Bethesda Auto Body wanted to buy certain chemicals--some of the same chemicals on Ali's list. Buckingham said he would need a purchase order. St. Lawrence left and returned an hour later with a signature on the list of chemicals, which he said was the signature of Bethesda's purchasing agent. Buckingham insisted that he would have to call the purchasing agent to verify the order, and he did so.
 
 
 5
 When Ali returned a few days later for another meeting, he eliminated two of the firms he had named as purchasers and substituted another--Bethesda Auto Body--and said he would pay, himself, for the Bethesda order. The total order, as before, consisted of seven of the eight chemicals needed to manufacture PCP and included a 55-gallon drum of piperidine, the sale of which required a report to the DEA by the company which sold it to Premier Chemical. This report triggered an investigation by the DEA.
 
 
 6
 At a last meeting between Ali and Buckingham, Ali came alone and paid for the Bethesda order in cash--about $8,000.
 
 
 7
 Not long afterward, the DEA obtained a search warrant for Premier Chemical and secured the cooperation of Buckingham. When the chemicals had all arrived at Premier Chemical, Ali and West came in a rental truck to collect the order. Agents dressed as Premier Chemical employees began to load the chemicals into the truck. After Ali had signed receipts for the order, both Ali and West were arrested. In West's pocket was a sheet of paper which listed all the chemicals ordered, the original three companies named as purchasers, and the supposed purchasing agents and phone numbers for each. West was wearing a shirt with the name "West" on it. However, Buckingham was not able to positively identify him as one of the men who had accompanied Ali to the meetings at Premier.
 
 West presents four arguments on appeal:
 
 8
 (1) That his arrest was illegal and the evidence derived from it should have been suppressed;
 
 
 9
 (2) That there was insufficient evidence to support his conviction for conspiracy to possess piperidine and manufacture PCP;
 
 
 10
 (3) That one of the witnesses at trial gave perjured testimony; and
 
 
 11
 (4) That the jury was biased toward law enforcement.
 
 
 12
 Charges against West were first brought in the circuit court for Fairfax County, Virginia, where the judge found that his arrest was not supported by probable cause and suppressed the evidence against him. Charges against him were then dropped. West was subsequently tried in federal district court and he moved there for suppression of the evidence on the grounds that (1) probable cause had not been present and (2) litigation of the issue in federal court was precluded by collateral estoppel. Because no evidence was presented to the district court which showed the federal government to have been a party to the action in the state court or to have exercised guidance and control over it, the district court correctly determined that collateral estoppel did not bar relitigation of the issues in federal court. Montana v. United States, 440 U.S. 143, 153-55 (1979); United States v. Sifuentes, 504 F.2d 845 (4th Cir.1974).
 
 
 13
 The district court was also correct in finding that probable cause existed for West's arrest. Ali had arranged for the purchase of the chemicals in conjunction with at least two other men who had accompanied him to meetings at Premier Chemical. When Ali arrived to pick up the order with another man, the agents could reasonably believe that the second man was also involved in the scheme, especially when the name on his shirt was "West"--the same name or a name very similar to the one used earlier by Ali's companion. Beck v. Ohio, 379 U.S. 89, 91 (1964).
 
 
 14
 The evidence against West at trial, while circumstantial, was sufficient to support a conviction. When he was arrested, West had in his pocket a list of the three companies which Ali had originally told Buckingham would be the purchasers of the chemicals. The telephone numbers given to Buckingham so that he could verify the orders were also on this list. Two of the numbers were actually for West's business address and the third was for his home. With this evidence, the jury could reasonably find that West had acted in concert with Ali. The conspiracy to possess piperidine with the intent to manufacture PCP was shown by the evidence (1) that they placed orders for seven of the eight chemicals needed to make PCP, with Ali using a false name and giving false phone numbers for the businesses supposedly ordering the chemicals; (2) that Boone, the third man who came with Ali to the meetings at Premier Chemical was experienced in making PCP; (3) that Ali paid for the Bethesda Auto Body order with over $8,000 in cash though he actually worked as a deliveryman, and (4) that when arrested Ali said that he had been asked to pick up the chemicals by a man he met in a bar who had given him the money to pay for them but had not told Ali his name or where the chemicals should be taken. Viewed in the light most favorable to the government, this evidence was sufficient to support the jury's verdict. United States v. Crockett, 813 F.2d 1310 (4th Cir.1987).
 
 
 15
 West's final two arguments also fail. He asserts that perjured testimony by the defense witness Allen Boone helped his conviction. Boone's testimony barely touched on "West's" role in the conspiracy and did not identify the defendant, Alex West, as the man he had dealt with. If the testimony was perjured and could have affected the jury's verdict, it would have been error if it had been knowingly and deliberately used by the prosecutor. Miller v. Pate, 386 U.S. 1 (1967). However, Boone was not a prosecution witness.
 
 
 16
 West maintains that the jury was biased against him and toward law enforcement personnel. In fact, the defense attorneys struck all jurors who had any connection with law enforcement from the jury.
 
 
 17
 For the reasons given, we affirm the conviction. We dispense with oral argument because the facts and legal issues are adequately presented in the informal briefs and the record and argument would not significantly aid the decisional process.
 
 
 18
 AFFIRMED.