STATE of Oklahoma, Appellant,

v.

Kentt Lamar RHODES, Appellee.

No. S–89–614.

Court of Criminal Appeals of Oklahoma.

Feb. 7, 1990.

As Corrected Feb. 21, 1990.

Rehearing Denied April 17, 1990.

Mitchell L. Cohen, Asst. Dist. Atty., Tulsa, for appellant.

Jeffrey D. Fischer, Tulsa, for appellee.

## OPINION

PARKS, Presiding Judge:

On November 8, 1988, Tulsa Police Officer Brian Comfort pulled over a Chevy Blazer for failure to signal a right hand turn. As Officer Comfort approached the vehicle, he recognized it as the same Blazer which he had attempted to stop about two weeks earlier. At that time, Officer Comfort had pulled the Blazer over on a routine traffic stop when he noticed inside the vehicle, laying in plain view, empty holsters and shotgun holders. However, during that traffic stop, the Blazer took off and eluded him.

Based on the previous incident, Officer Comfort had the appellee, who was driving the Blazer, step out and stand at the rear of the vehicle for a pat-down search. The officer realized that appellee was not the same driver of the earlier incident, but he was still concerned that appellee might have a weapon. The appellee's hands were placed on the roof of the Blazer and Officer Comfort started the search at the arms, moving down the body.

During this search, the appellee moved his right hand from the roof and reached into, or in toward the inner left breast pocket of his jeans. Thinking that the appellee was reaching for a weapon, Officer Comfort grabbed appellee's hand and

placed it back on the roof of the Blazer. The officer then reached inside the appellee's jacket to pat the pocket. While doing so, Officer Comfort heard a crinkling sound that resembled a plastic baggie. He also felt some small, hard, round objects. Figuring the objects to be contraband, the officer reached inside the appellee's jacket pocket and pulled out a small baggie which contained crack cocaine.

Appellee was charged in Tulsa County District Court, Case No. CF–88–4532, with Unlawful Possession of a Controlled Drug, Cocaine. A preliminary hearing was held on December 13, 1988. At the hearing, Special Magistrate Jesse Harris sustained the appellee's demurrer and suppressed the evidence, ruling that Officer Comfort had no legal right to search the appellee's pocket. The State appealed the ruling, and on January 3, 1989, a hearing was held before the Honorable Jay Dalton. At that hearing, Judge Dalton affirmed Judge Harris's ruling, holding that Officer Comfort had exceeded the legal limitations for a search as set out in *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Pursuant to 22 O.S.Supp.1987, § 1089.1, the State brings this appeal.

In its brief, the State agrees that warrantless searches and seizures are per se unreasonable under the Fourth Amendment. *See Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). However, the State argues that two exceptions are applicable in this case: exigent circumstances and plain view/plain touch. We disagree.

 The scope of a "Terry pat-down" is and must be strictly limited to a search for offensive weapons. When in the course of a frisk the officer feels an object, he is not justified in seizing it unless it reasonably resembles an offensive weapon. *Francis v. State*, 584 P.2d 1359, 1363 (Okl. Cr.1978). *See also Ricci v. State*, 506 P.2d 601, 604 (Okl.Cr.1973). A review of the record reveals the following:

"THE COURT: Now, when you patted the outside of this inside pocket, and felt this plastic and this crinkly material, did you think it was a weapon?

OFFFICER COMFORT: I didn't think it was a weapon."

(O.R.38).

Thus, once the officer ascertained that appellee had no weapons on his person, his right to search him terminated and the warrantless search of the pocket was unlawful. *See Neal v. State*, 696 P.2d 508 (Okl.Cr.1985).

Therefore, the order of the Tulsa District Court is AFFIRMED.

LANE, V.P.J., and JOHNSON, J., concur.

BRETT, J., concurs in results.

LUMPKIN, J., dissents.

LUMPKIN, Judge, dissenting:

I must respectfully dissent to the Court's decision in this case.

The Court determines the scope of a "Terry pat-down" must be strictly limited to a search for offensive weapons. While I concur with the application of *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), as to the basis and purpose of the *initial intrusion*, I cannot agree with the rationale that a police officer who is legally conducting a *Terry* search and discovers illegal contraband must disregard that contraband just because it is not a weapon. This interpretation completely disregards the "plain view (touch)" and "exigent circumstance" exceptions to the search warrant requirement.

The application of the "plain view" doctrine to other human senses is not a novel issue for this Court. We have previously allowed the sense of smell to serve as a basis for probable cause to uphold a warrantless search and seizure. *See Ferguson v. State*, 520 P.2d 819 (Okl.Cr.1974), and *Gray v. State*, 561 P.2d 83 (Okl.Cr.1977). It is not logical to hold that a law enforcement officer must disregard what he knows to be evidence of a crime when he is in a place where he has the right to be and is performing a *valid Terry* search.

We have previously held that article II, section 30 of the Oklahoma Constitution

and the Fourth Amendment of the U.S. Constitution are almost exactly the same in wording, and in substance are identical. *DeGraff v. State*, 2 Okl.Cr. 519, 103 P. 538 (1909). *See also, Long v. State*, 706 P.2d 915 (Okl.Cr.1985). Therefore, interpretations of the Fourth Amendment of the U.S. Constitution by federal and other state courts on this issue are of benefit in arriving at the proper application in this case.

The U.S. Court of Appeals, D.C.Circuit, has provided a compendium of authority on this issue in *U.S. v. Williams*, 822 F.2d 1174 (D.C.Cir.1987). In *Williams* the U.S. Court of Appeals held that "In light of this authority, we endorse even more strongly our earlier conclusion in *Russell*, that no warrant is needed for an opening of a container whose contents become known through a lawful touching of the outside." *Id.* at 1184. The Court then set out three limitations on this principle: First, the "plain touch" exception only applies where an officer is legally authorized to touch the container in the first place; Second, the doctrine would not sanction any use of the sense of touch beyond that justified by the initial contact with the container; and Third, the contents of a package cannot be deemed in plain view unless a lawful touching convinces the officer to a reasonable certainty that the container holds contraband or evidence of a crime. *Id.* at 1184. The item touched in *Williams* was a brown paper bag which contained "five large baggies with 44 small baggies containing heroin". *Id.* at 1177. The Court relied strongly on its decision in *U.S. v. Russell*, 211 U.S.App.D.C. 31, 655 F.2d 1261 (1981), (*Russell I*), modified and vacated in part, 216 U.S.App.D.C. 165, 670 F.2d 323 (*Russell II*), cert. denied, 457 U.S. 1108, 102 S.Ct. 2909, 73 L.Ed.2d 1317 (1982). In *Russell* the item touched and seized was a paper bag containing a nine-millimeter Browning automatic handgun. The *Russell* Court determined

> Both *Sanders* and *Ross* recognized an exception to the warrant requirement when 'the[ ] contents [of a container] can be inferred from [its] outward appearance.' [*Arkansas v.*] *Sanders*, 442 U.S. at [753] 765 n. 13, 99 S.Ct. [2586] at 2593

n. 13, [61 L.Ed.2d 235] quoted in [*United States v.*] *Ross*, 655 F.2d [1159] at 1170 [D.C.Cir.1981]. Officer Medaris unavoidably felt the outline of a gun as he drew the paper bag out from under the seat. Uncovering what his sense of touch revealed did not require a warrant. *See United States v. Portillo*, 633 F.2d 1313, 1320 (9th Cir.1980) (police officer rested hand on bag lying in car trunk and felt outline of handgun). 655 F.2d at 1264.

The "plain touch" exception has also been applied in *U.S. v. Diaz*, 577 F.2d 821 (2d Cir.1978), and *U.S. v. Ocampo*, 650 F.2d 421 (2d Cir.1981).

The U.S. Court of Appeals, Fourth Circuit, analyzed this extended concept of "plain view" in *U.S. v. Norman*, 701 F.2d 295 (4th Cir.1983), in the context of odor alone as the basis for a warrantless search and seizure.

> This court has held that plain view encompasses more than simply seeing contraband. Rather, for an object to be in plain view, it must only be 'obvious to the senses.' (emphasis added) *United States v. Sifuentes*, 504 F.2d 845, 848 (4th Cir.1974). To be obvious to the senses, contraband need only reveal itself in a characteristic way to one of the senses. Thus, in *Sifuentes* and *United States v. Haley*, 669 F.2d 201 (4th Cir. 1982), it was held that odor alone is sufficient to place marijuana into plain view. In *Sifuentes*, the police opened a truck after impoundment and discovered several cardboard boxes. The boxes were searched and found to contain marijuana. The court held that the odor of the marijuana in the truck was sufficient to place the contraband into plain view. 504 F.2d at 848. Similarly, in *Haley*, the court upheld the warrantless search of garbage bags found to contain marijuana. While it did so on the basis of both the packages' distinctive configuration and the smell of marijuana, the court made clear that the odor alone was sufficient. 'We do not imply that both distinctive configuration and odor are necessary to justify the search of the containers,' wrote the court, for 'odor alone is suffi-

cient cause to search such containers as cardboard boxes.' 669 F.2d at 204 n. 3. *See also United States v. Haynie,* 637 F.2d 227, 233, 236 (4th Cir.1980). 701 F.2d at 297.

The Supreme Court of Colorado has recently ruled on this exact fact situation in *People v. Hughes,* 767 P.2d 1201 (Colo. 1989). As a detective was doing a pat-down search of Hughes for weapons, Hughes "dropped his right arm and ducked his head over" in a manner which caused the detective to believe that he was trying to conceal something in his right shirt pocket. The detective then felt Hughes right pocket and felt a hard cylindrical object. The object was removed and found to be a film canister. The detective opened it and found two plastic bags of cocaine. *Id.* at 1203. The court held that the discovery of contraband during a lawful frisk can provide probable cause for a more thorough search. *Id.* at 1206. Citing *United States v. Chavez,* 812 F.2d 1295 (10th Cir.1987); *People v. Lee,* 194 Cal.App.3d 975, 240 Cal. Rptr. 32 (1987); and *People v. Tate,* 657 P.2d 955 (Colo.1983) the *Hughes* court noted that evidence discovered in the course of a lawful search for weapons is generally admissible, even when the object which the police discover is not a weapon, as long as its discovery was reasonable under all of the circumstances. *Id.* at 1205. The contents of the canister could not be determined by observation but in this case the court held that it could be opened pursuant to the search warrant issued on the premises because it was within the scope of the search warrant as a vessel likely to contain cocaine. *Id.* at 1206.

We have recently reaffirmed the guidelines to be applied in the application of the "plain view" exception to the warrant requirements of the Oklahoma and Federal Constitutions. *See, Lyons v. State,* 787 P.2d at 461 (Okl.Cr.1989). In *Lyons* we stated

> [t]he 'plain view' exception to the Fourth Amendment warrant requirement permits a law enforcement officer to seize what clearly is incriminating evidence or contraband when it is discovered in a place where the officer has a right to be.

*Washington v. Chrisman,* 455 U.S. 1, 6, 102 S.Ct. 812, 816, 70 L.Ed.2d 778 (1982). This exception applies if it is shown that: (1) The police were legitimately in a position to obtain the view; (2) The object was in plain view; (3) The incriminating nature of the article was readily apparent; and (4) The discovery of the article was inadvertent. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); *Fritz v. State,* 730 P.2d 530, 533 (Okl.Cr.1986); *Teeman v. State,* 664 P.2d 1071 (Okl.Cr.1983).

It has long been established that the Fourth Amendment protects people and not simply places. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Further, it has been established that the underlying purpose of an initial pat-down search is to protect a police officer from immediate harm due to an individual carrying a weapon. *Terry,* 392 U.S. at 25–26, 88 S.Ct. at 1882. However, the logical application of the principles set forth under the "plain view" exception in conjunction with the established right of a police officer to conduct a *Terry* search would allow seizure of weapons or contraband discovered during a properly conducted pat-down.

The Court cites as authority for its decision in this case *Ricci v. State,* 506 P.2d 601 (Okl.Cr.1973); *Francis v. State,* 584 P.2d 1359 (Okl.Cr.1978); and *Neal v. State,* 696 P.2d 508 (Okl.Cr.1985). Each of these decisions is based on what the Court perceived as a proper application of *Terry.* These decisions were not rendered on an independent state basis. Each of the decisions found that the initial *Terry* search was proper, however, since the items seized were not weapons the Court ruled they must be supressed. This rigid application of *Terry* requires the officer to disregard contraband or evidence of criminal activity which he has legitimately discovered through his senses and has probable cause to seize. This type of discovery meets all the criteria of the "plain view (touch)" warrantless search and seizure exception we have previously recognized pursuant to both the United States Constitution and the

Constitution of the State of Oklahoma. Adopting this application of the principles discussed would not deprive a defendant of the right to judicial review of the reasonableness of the police officer's actions and the officer's compliance with established guidelines. A Motion to Suppress would require the trial court to determine if the evidence was admissible after applying the facts to the rules set forth in the case law cited. Therefore, I would apply the criteria set forth in *Williams,* reverse the order of the trial court suppressing the evidence, and remand the case to the District Court of Tulsa County for further proceedings.