2007 OK CR 2

**Robert Keith HALLCY, Appellant**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2005–490.**

Court of Criminal Appeals of Oklahoma.

Feb. 15, 2007.

Spencer Schroeder, Chickasha, OK, attorney for appellant at trial.

Bret Burns, First Asst. District Attorney, Chickasha, OK, attorney for the state at trial.

Patti J. Palmer, Pawhuska, OK, attorney for appellant on appeal.

W.A. Drew Edmondson, Attorney General of Oklahoma, Jennifer B. Miller, Asst. Attorney General, Chief, Criminal Division, Oklahoma City, OK, attorneys for appellee on appeal.

*OPINION*

A. JOHNSON, Judge.

¶ 1 Robert Keith Hallcy was tried in a non-jury trial before the Honorable Richard G. Van Dyck in the District Court of Grady County, Case No. CF–2004–147, and convicted of Possession of a Controlled Dangerous Substance in violation of 63 O.S.2001, § 2–402. The district court sentenced Hallcy to five years imprisonment with all but the first 45 days suspended. From this Judgment and Sentence, he appeals.

### Facts

¶ 2 On April 16, 2004, two Chickasha police officers stopped a car in which Hallcy was a passenger because it had been reported stolen. Hallcy and the female driver were ordered out of the car. While one officer spoke to the driver, the other officer frisked Hallcy for possible weapons. The officer felt an object which he recognized by touch as a medicine bottle. The officer testified that at no time did he believe the pill bottle was a weapon. He asked Hallcy what it was, and Hallcy told him that the bottle was not his; that the driver had given it to him when the officers turned on their emergency lights, and that he did not know what the bottle contained. When the officer took the bottle from Hallcy's pocket and opened it, he discovered three rocks of crack cocaine and arrested Hallcy.

¶ 3 Hallcy moved to suppress the crack cocaine discovered inside the pill bottle. The only witness at the suppression hearing was the arresting officer. The district court denied the motion to suppress finding the officer was justified in seizing the pill bottle during the pat-down search because Hallcy was an occupant of a stolen vehicle and because he disclaimed ownership of the pill bottle and its contents. After the judge's ruling, a non-jury trial was held and the State incorporated the evidence from the hearing without presenting further evidence or argument. Hallcy again raised his motion to suppress to preserve the issue. The trial court denied the motion a second time and found Hallcy guilty as charged.

¶ 4 Hallcy does not challenge the lawfulness of the stop of the vehicle or the frisk for weapons; rather, he argues his motion to suppress should have been sustained because the officer, who knew the pill bottle was not a weapon, did not have probable cause to go beyond the protective search for weapons and exceeded the legitimate scope of the search when he removed the bottle from Hallcy's pocket and opened it. The limited question before this Court is whether the officer's tactile perception of the medicine bottle while patting the outer surface of Hallcy's pants, when considered in connection with the surrounding circumstances, provided probable cause for his belief that the bottle contained contraband before he reached into Hallcy's pocket to retrieve it.

¶ 5 When reviewing a trial court's ruling on a motion to suppress evidence based on an illegal search and seizure, we defer to the trial court's findings of fact unless they are not supported by competent evidence and are therefore clearly erroneous. *See Lee v. State,* 1983 OK CR 41, ¶ 6, 661 P.2d 1345, 1349–50. This Court independently reviews the trial court's legal conclusions based on those facts.

¶ 6 The Supreme Court has recognized the existence of a "plain feel" exception to the Fourth Amendment's warrant requirement, analogous to the "plain view" exception, which permits warrantless seizures of obvious contraband discovered during the course of a lawfully conducted frisk or search. *See Minnesota v. Dickerson,* 508 U.S. 366, 374–76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334 (1993). "If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity *immediately apparent,* there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain-view context." *Id.* at 375–76, 113 S.Ct. at 2137. (Emphasis added). This Court recognized the "plain feel"

exception in *Abraham v. State,* 1998 OK CR 29, ¶ 4, 962 P.2d 647, 647–48.

¶ 7 For a seizure of contraband to be justified under the "plain feel" exception to the warrant requirement: 1) the pat-down must be permissible under *Terry;*[1] 2) the contraband must be detected in the course of the *Terry* search; and 3) the incriminating nature of the object perceived to be contraband must be immediately apparent to the officer. *See Dickerson,* 508 U.S. at 375–76, 113 S.Ct. at 2136–37.

¶ 8 "Immediately apparent" for purposes of plain feel analysis does not mean that an officer must know for certain that the item felt is contraband, only that there is probable cause to associate the item with criminal activity. *See Texas v. Brown,* 460 U.S. 730, 741, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983) ("[T]he use of the phrase 'immediately apparent' was very likely an unhappy choice of words, since it can be taken to imply that an unduly high degree of certainty as to the incriminatory character of evidence is necessary for an application of the 'plain view' doctrine.").

¶ 9 Courts have split on whether under the plain feel doctrine an officer may seize a container that is not in itself contraband and does not conform to the shape of contraband (such as a medicine bottle or matchbook), yet is routinely used to package or contain drugs. "The difference between the approach of the courts which have found probable cause when considering the officer's tactile perception of an object that has both legitimate and illicit uses, and those which have concluded that the officer's touch of a legal item gives rise to only a reasonable suspicion that the item might contain contraband, is that the latter courts focus on the tactile perception of the felt object to the exclusion of other attendant circumstances which may inform the officer's belief of what he is touching." *Ball v. United States,* 803 A.2d 971, 976–78 (D.C.Cir.2002)(s omitted).

¶ 10 The overarching test for judging the existence of probable cause is whether a reasonably prudent police officer, considering the totality of the circumstances confronting

---

1. *Terry v. Ohio,* 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968).

him and drawing from his experience, would be warranted in the belief that an offense has been or is being committed. *See Washington v. State*, 1999 OK CR 22, ¶ 28, 989 P.2d 960, 971. Probable cause is a flexible, common-sense standard, requiring that the facts available to the officer would warrant a man of reasonable caution in the belief that certain items may be contraband or useful as evidence of a crime; it does not demand any showing that such a belief be correct. *Brown*, 460 U.S. at 742, 103 S.Ct. at 1543; *Bland v. State*, 2000 OK CR 11, ¶ 45, 4 P.3d 702, 717. A practical, nontechnical probability based on factual and practical considerations that incriminating evidence is involved is all that is required. *See Brinegar v. United States*, 338 U.S. 160, 175–76, 69 S.Ct. 1302, 1310–11, 93 L.Ed. 1879 (1949).

■ ¶ 11 We find the totality of the circumstances analysis for determining probable cause in "plain feel" cases is the better approach to apply. Such analysis does not limit the conclusion drawn to information garnered from the officer's tactile perception of the object, but allows that touch to be considered in light of the officer's training and experience and other attendant circumstances. For instance, a medicine bottle is a container with obvious legitimate uses for prescription medication or other small objects, but which can also be put to an illicit use. "An officer's tactile identification of a pill bottle, standing alone, does not give rise to probable cause to seize the bottle or open it to reveal its contents." *Ball*, 803 A.2d at 980. When, however, an officer is presented with a readily recognizable object that has innocent as well as illicit uses, such as the medicine bottle in this case, the officer's training and experience and other attendant circumstances can inform his perception. *Id.* at 981.

¶ 12 Hallcy relies on several cases from this Court (decided before *Dickerson*)[2] in arguing that under Oklahoma law an officer's discerning touch of a legal item gives rise to no more than a reasonable suspicion that the item contains contraband. He asserts that

once the officer has assured himself that the item felt was not a weapon the search must end. These cases were decided before *Dickerson* and to the extent they are inconsistent with the holding in this case, they are overruled.

■ ¶ 13 The officer who searched and arrested Hallcy testified that he was a six-year veteran in law enforcement and that in his experience it was "common" for people to hide drugs in pill bottles in their pockets. When he felt the pill bottle in Hallcy's pocket, Hallcy said that he did not know what it was and that the driver handed it to him when the officers signaled them to stop. More than the officer's tactile identification of the pill bottle and his experience informed his probable cause determination. From these circumstances, it would not require extensive training or long experience for an officer to reasonably infer that this medicine bottle indeed contained contraband. Although probable cause imposes a stricter requirement than reasonable suspicion, it is not so demanding a standard as to have required more information than was available to this officer. Hallcy volunteered that the driver of the stolen car passed the bottle to him when the police signaled her to stop. This added enough information to cross the threshold from reasonable suspicion to probable cause that he had drugs in the medicine bottle felt in his pocket. The officer was justified in seizing and opening the pill bottle. The trial court did not err in denying Hallcy's motion to suppress.

## DECISION

¶ 14 The Judgment and Sentence of the trial court is **AFFIRMED.** Pursuant to Rule 3.15, *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2005), the **MANDATE** is **ORDERED** issued upon delivery and filing of this decision.

C. JOHNSON, V.P.J., CHAPEL and LEWIS, JJ.: concur.

LUMPKIN, P.J.: specially concur.

*Ricci v. State*, 1973 OK CR 55, 506 P.2d 601.

---

2. *State v. Rhodes*, 1990 OK CR 8, 788 P.2d 1380; *Neal v. State*, 1985 OK CR 28, 696 P.2d 508; and

LUMPKIN, Presiding Judge: specially concur.

¶ 1 I commend the Court on its analysis and application in this case. Based on my separate opinion in *State v. Rhodes,* 1990 OK CR 8, 788 P.2d 1380, I believe the Court has now brought our jurisprudence in logical compliance with constitutional requirements.