Eugene Stanley CORNELIOUS, Petitioner,

v.

The Honorable Ralph R. ADKISSON, Judge of the Municipal Court of the City of Tulsa, Oklahoma, Respondent.

No. A-13518.

Court of Criminal Appeals of Oklahoma.

July 15, 1964.

O. B. Graham, Jr., Tulsa, for petitioner.

Charles E. Norman, City Atty., Hubert H. Bryant, Asst. Atty., City of Tulsa, for respondent.

BUSSEY, Judge:

This is an original proceeding wherein Eugene Stanley Cornelious seeks an order of this Court prohibiting the Honorable Ralph R. Adkisson, the Municipal Judge in and for the Municipal Criminal Court of the City of Tulsa, Oklahoma, from further proceedings in said Municipal Criminal Court of the City of Tulsa in a case there pending against said petitioner, wherein the petitioner was charged by information, the material part of which provides:

"* * * That he did unlawfully and wrongfully enter upon the premises of another person, to-wit: Borden's Cafeteria located at 571 East 36th Street North, owned by Hale-North Corporation d/b/a Borden's Cafeteria without the expressed or implied con-

sent of the owner and through its manager, Leo Cowan, General Manager."

This in violation of Section 81 of the Ordinances of the City of Tulsa, Oklahoma: the same providing:

"Trespass is hereby defined, for the purpose of this section, as the doing of an injury or misfeasance to the person of another, or to the property of another person, when done with force and violence either actual or implied. It is further defined to include each and every actual entry upon the premises of another owner or person in possession of real property, without the owner's or occupant's consent, express or implied. In all cases where the entry is made on premises which are posted or warning has been published to stay out and off of said premises, the burden shall be upon the defendant to show that such permission was given. Any person who shall enter in or upon any public property, except at times and upon conditions when the same is subject to public use shall be guilty of an offense. The use of any public building, except for the purpose of dispatching business with the public corporation shall in each and every case constitute a trespass unless the manner; purpose and extent of its use is first presented to the Board of Commissioners and its consent first obtained. Trespass as herein defined is hereby declared to be an offense and shall be punished as herein provided".

The petitioner contends that the Municipal Criminal Court is without jurisdiction over the subject matter and person of the defendant by reason that the ordinance under which the prosecution proceeds is so vague, indefinite and uncertain that the petitioner could not determine in advance, acts which the ordinance purported to prohibit.

Subsequent to the filing of this application, the respondent by and through it's City Attorney, Mr. Charles E. Norman,

filed a Motion to Dismiss. On the 20th day of May, 1964, this cause was set for Oral Argument on the Motion to Dismiss and on the Application. At the conclusion of the argument this cause was submitted and the respective parties were given additional time in which to brief.

The recent case of Lock, et al, v. Falkenstine, Okl.Cr., 380 P.2d 278; comprehensively lays down the standards by which penal statutes or ordinances are to be measured. This Court speaking through the Honorable Kirksey Nix, had this to say:

"Statute which creates and provides for the punishment of criminal offenses should be so clear and explicit that all persons of ordinary intelligence who are subject to these penalties may understand their provisions.

"Laws which create crimes ought to be so explicit that all men subject to their penalties may know what act it is their duty to avoid. Before a man can be punished, his case must be plainly and unmistakably within the Statute.

"No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it. * * *

"A statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differs as to its application; or a statute, the literal interpretation of which would create an absurdity, violates the first essential of due process. * * *"

Applying these standards to the provisions of Section 81 of the Ordinances of the City of Tulsa, supra, we are of the opinion that its mandates are so clearly expressed that any ordinary person can determine in advance what he may or what he may not do under it. Having thus determined that the provisions of Section 81 of the Ordinances of the City of Tulsa are

not unconstitutionally vague, indefinite and uncertain, we are of the opinion that the trial court has jurisdiction of the subject matter and of the person of the applicant, and we will follow the rule enunciated in Farmer v. Sanford, Okl.Cr., 353 P.2d 709; it was there stated:

> "Appellate Courts should not interfere by writ of prohibition with the trial of causes where a trial court has jurisdiction of the subject-matter and the person of defendant; but such trial court should be permitted to proceed to judgment, and irregularities should only be reviewed upon appeal."

For all the reasons above set forth the relief prayed for is denied and the order entered on the 12th day of May, 1964, staying proceedings in the Municipal Criminal Court of the City of Tulsa is hereby dissolved.

JOHNSON, P. J., and NIX, J., concur.