Donald Rowe COLE, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. A–18023.

Court of Criminal Appeals of Oklahoma.

June 13, 1973.

Barry Albert, Oklahoma City, for appellant.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for appellee.

## OPINION

BLISS, Presiding Judge:

Appellant, Donald Rowe Cole, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Case No. CRM–72–964, for the offense of Unlawful Possession of Paraphernalia, his punishment was fixed at six (6) months imprisonment in the County Jail. From said judgment and sentence a timely appeal has been perfected to this Court.

The defendant's sole proposition asserts that the statute defendant was charged and convicted under is unconstitutional in that the same is vague, indefinite and uncertain and does not define with certainty the basis of the offense.

The defendant was convicted under 63 O.S. 1971, § 2–405, subd. B, which states:

"No person shall have in his possession, or immediate control, *any paraphernalia used by abusers of controlled dangerous substances for administering a controlled dangerous substance who cannot show any medical or other lawful need requiring the same,* except those persons holding an unrevoked license in the profes-

sions of podiatry, dentistry, medicine, nursing, optometry, osteopathy, veterinary medicine or pharmacy." (Emphasis added)

In the case of Cornelious v. Adkisson, Okl.Cr., 394 P.2d 651, this Court held in the following paragraphs of the Syllabus:

"1. Statute or ordinance which creates and provides for the punishment of criminal offenses should be so clear and explicit that all persons of ordinary intelligence who are subject to these penalties may understand their provisions.

"2. No penal law can be sustained unless its mandates are so clearly expressed that any ordinary person can determine in advance what he may and what he may not do under it.

"3. A statute or ordinance which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application; or a statute, the literal interpretation of which would create an absurdity, violates the first essential of due process."

■ In order to determine if the above statute is valid, we must answer the following questions: Is the statute so clear and explicit that a person of ordinary intelligence can understand its provisions, meaning and application? Are the mandates so clearly expressed that any ordinary person can determine in advance what he may or what he may not do under it?

Black's Law Dictionary, Revised Fourth Edition, defines paraphernalia as:

"The Separate property of a married woman, other than that which is included in her dowry, or dos."

Webster's Third New International Dictionary gives the following definitions of paraphernalia:

"1. the separate paraphernal real or personal property of a married woman

that she can dispose of by will and sometimes according to common law during her life. 2. personal belongings. 3. articles of equipment."

It is our opinion that a person of ordinary intelligence, using the above definitions of paraphernalia, could not determine what items he could or could not possess lawfully. Even using Webster's third definition of paraphernalia and giving the words "articles of equipment" a literal interpretation, practically any article that the average person might have in his possession could be used by abusers of controlled, dangerous substances for administering a controlled, dangerous substance and would be unlawful to possess.

We further believe the statute is invalid for the reason that it shifts the burden to the defendant to show his innocence. Under this statute, all the State is required to prove is that the defendant was in possession of "paraphernalia used by abusers of controlled dangerous substances for administering a controlled dangerous substance," then the burden shifts to the defendant to prove that he possessed the article for "a medical or other lawful need." This is contrary to the basic concept of criminal justice that the "defendant is innocent until proven guilty."

For the reasons set forth we hold that the above statute is invalid.

This case is therefore reversed and remanded with instructions to dismiss.

BUSSEY, J., concurs.

BRETT, J., concurring specially.

BRETT, Judge (concurring specially):

I concur in this decision. It expresses essentially the same reasons for holding this section of the statute unconstitutional that I argued in my statement to Canfield v. State, Okl.Cr., 506 P.2d 987, 989 (1973), as that case pertained to 21 O.S.1971, § 886.