**Windsome PETERS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–84–529.

Court of Criminal Appeals of Oklahoma.

Sept. 22, 1986.

Thomas Purcell, Asst. Appellant Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Mary F. Williams, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

PARKS, Presiding Judge:

Windsome Peters, the appellant herein, was charged in the District Court of Oklahoma County, Case No. CRF–83–3944, with the offense of Robbery by Firearms, After Former Conviction of Two or More Felonies. He was convicted by a jury, and punishment was assessed at a term of thirty-five (35) years imprisonment. We affirm.

On July 29, 1983, a man entered a C.R. Anthony's store in Oklahoma City. The man asked the sales clerk for a job application. The clerk informed the man that he would have to talk to the manager. The clerk walked back into the store-room and was followed by the man, who pulled a handgun from his pants and announced a robbery. The clerk emptied the contents of the cash registers in the back of the store into a bag. The clerk began emptying the contents of the registers in the front of the store when the manager entered the store. The sales clerk asked the manager to get some socks for the man. While the manager was in the back of the store, the man fled from the establishment. The manager chased after the man and saw him enter an old model blue Cadillac. A few days after the robbery, the manager and the sales clerk both viewed a photographic line-up and picked out the picture of the appellant as the man who robbed the store.

The appellant presented alibi witnesses for his defense. A friend of the appellant testified that they played bingo at Arline Bingo in Oklahoma City until late in the afternoon on the day in question. The appellant's friend admitted that they drove a 1972 or 1974 blue Cadillac.

## I.

■ In his first assignment of error, the appellant contends that his trial was conducted before a judge who was prejudiced against him, thus denying him the due process of law. We disagree.

Appellant was tried before the Hon. Joe Cannon, District Judge, who, according to appellant, was hostile to him in a prior trial which occurred two months before the instant case. He asserts that Judge Cannon's attitude in the prior trial indicated prejudice. However, in addressing this contention in his appeal of the prior case, we held that the appellant received a fair and impartial trial, and found no prejudice on the part of Judge Cannon. *See Peters v. State*, 712 P.2d 799, (Okl.Cr.1986). We find, therefore, that Judge Cannon's actions in the prior case do not indicate any prejudice toward this appellant. Moreover, we find no evidence of partiality or prejudice in the record of the case at bar, and the appellant has failed to bring any prejudicial instances to our attention. This assignment of error is without merit.

## II.

■ Appellant next challenges the legality of his warrantless arrest by police. He claims the police lacked probable cause to make an arrest, and, therefore, any evidence obtained as a result should have been suppressed. We cannot agree.

The facts surrounding this issue reveal that appellant's vehicle was observed five days after the robbery by Oklahoma City Police Officer Conley. Officer Conley believed the vehicle to be traveling at an excessive speed, and he followed the car. He noted at that point that the car matched the description of the vehicle seen leaving the Anthony's store robbery. After he observed the vehicle straddle the line dividing the two eastbound lanes of traffic, Officer Conley decided to pull the automobile over and investigate. He summoned Detective Shahan of the Robbery Division to the scene to question the appellant concerning the Anthony's store robbery. After questioning the appellant, the detective instructed Officer Conley to place him under arrest.

Appellant asserts that the initial stop by Officer Conley constituted an arrest, which required probable cause in support thereof. However, we disagree with this characterization. The United States Supreme Court has held that "consistent with the Fourth Amendment, police may stop persons in the absence of probable cause under limited circumstances." *United States v. Hensley*, 469 U.S. 221, ——, 105 S.Ct. 675, 679, 83 L.Ed.2d 604 (1985). One of these so-called limited circumstances occurs "if police have a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then [an investigative] stop may be made to investigate that suspicion." *Id.* at ——,

105 S.Ct. at 681. The Supreme Court has recently noted that:

[i]n assessing whether a detention is too long in duration to be justified as an investigative stop, we consider it appropriate to examine whether the police diligently pursued a means of investigation that was likely to confirm or dispel their suspicions quickly, during which time it was necessary to detain the defendant.

*United States v. Sharpe,* 470 U.S. 675, ——, 105 S.Ct. 1568, 1575, 84 L.Ed.2d 605 (1985).

We believe the initial detention effected by Officer Conley was a proper investigative stop. It is clear that the Officer had a reasonable suspicion to justify the stop; that is, the car the appellant was driving matched the description of that used in the Anthony's store robbery. *See United States v. Maybusher,* 735 F.2d 366 (9th Cir.1984). *See also Luckett v. State,* 259 Ind. 174, 284 N.E.2d 738 (1972). Furthermore, the officer acted diligently in pursuing his investigation, and immediately called Detective Shahan to the scene. This case does not reveal any unnecessary delay to the legitimate investigation conducted by Officer Conley. The initial stop by Officer Conley did not constitute an arrest, and the appellant's rights under the Fourth Amendment were not violated by this reasonable police action. This assignment of error is without merit.

### III.

In his final assignment of error, the appellant asserts that the photographic line-up procedure was so suggestive as to taint the in-court identification by the eyewitnesses. We again disagree.

██ Convictions based on eyewitness identification will only be set aside if the pre-trial photographic procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification. *Bryson v. State,* 711 P.2d 932, 934 (Okl.Cr.1985). We also have held that "participants in pretrial [sic] photo displays should possess the same general physical characteristics as the accused"

and that "substantial compliance with physical similarity guidelines will suffice" to protect an accused person's right to due process. *Leigh v. State,* 698 P.2d 936, 937 (Okl.Cr.1985).

██ The participants of the pre-trial photographic line-up in the instant case all possessed the same general physical characteristics. The participants were all of the same race, they all possessed facial hair, they all were of the same general complexion, they were of the same build and all possessed the same general hair style. The appellant complains that the photographs were impermissibly suggestive since the photographs possessed writing on the back, except for the appellant's photo. However, there is no testimony in the record which suggests that the witnesses viewed the backs of the photographs. Under these circumstances, we cannot find that the pre-trial identification procedure was suggestive. This assignment of error is without merit.

Accordingly, for the foregoing reasons, the judgment and sentence of the trial court is AFFIRMED.

BRETT and BUSSEY, JJ., concur.