Harry Freeman SIMS, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–84–273.

Court of Criminal Appeals of Oklahoma.

Jan. 13, 1987.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Jean M. LeBlanc, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Harry Freeman Sims, was tried for the crime of First Degree Murder in the District Court of Cotton County in Case No. CRF–83–34, but was convicted of the offense of First Degree Manslaughter and sentenced to twenty-five (25) years imprisonment, and he appeals.

On June 7, 1983, the victim, the appellant, Albert Cook, Pam Logan, who was a prostitute for the appellant, and Diana West, who was a prostitute for Albert Cook, were all returning to Lawton, Oklahoma from Wichita Falls, Texas. At some point during the drive toward Lawton, the appellant and the victim began to argue with one another over Ms. Logan. The argument continued to escalate, and as they were traveling toward the turnpike between Temple and Randlett, the appellant stopped the car and the two men got out of the car to settle the dispute. The appellant and the victim began to fight and continued fighting in a wheat field across the road. A few minutes later, Ms. Logan heard several gunshots. She got out of the car and observed the appellant walking from the field toward her. He grabbed her by the arm and took her out to the field where she observed the victim lying on the ground. The appellant then handed her a gun and told her that she had better shoot or she would look just like him. Ms. Logan admitted firing two or three shots towards the victim's stomach. Subsequently, the appellant threatened her several times that if she talked about the homicide or left him he would kill her. Therefore, when Ms. Logan was initially contacted concerning the homicide she gave two or three false statements because of her fear of the appellant. However, several days later she gave a true account of the events as they transpired and led the agents to the field where the victim had been found. A warrant was issued for the appellant's arrest, and he was arrested on September 14, 1983.

The appellant did not testify in his own behalf, but presented several witnesses whose testimony attempted to impeach the testimony of the State's witnesses.

■ The appellant first contends that the trial court's admission of witness West's prior written statement given to the OSBI when she had admitted making statements inconsistent with her trial testimony resulted in the admission of highly prejudicial cumulative evidence which deprived him of a fair trial.

Diana West, who was called as a prosecution witness, testified at trial that on the return trip from Wichita Falls to Lawton nothing happened on the way. This statement was directly contradictory to the prior statement that Ms. West had given to the OSBI. Her prior statement corroborated the statement of Pam Logan that the appellant had shot the victim in a field near Randlett, Oklahoma. When the witness changed her testimony at trial, the prosecutor questioned her regarding the inconsistent statements. Citing *Kelsey v. State*, 569 P.2d 1028 (Okl.Cr.1977), the appellant argues that this questioning was erroneous because once a witness admits making a prior inconsistent statement, it is not necessary to introduce additional evidence of the inconsistent statement.

However, in *Reynolds v. State*, 617 P.2d 1357, 1361 (Okl.Cr.1980), this Court stated:

The rule of law controlling a party's impeachment of its own witness is well settled in Oklahoma. In *Sturgis v. State*, 2 Okl.Cr. 362, 102 P. 57 (1909), we held that surprise is a valid justification for impeachment of one's own witness. There is, however, a limitation. The party presenting the witness must not only be surprised at the testimony, but also injured by it. See *Sturgis v. State*, supra, and *Mackey v. State*, Okl.Cr., 526 P.2d 1161 (1974). Under these conditions, a party may offer in evidence previous statements of such witnesses which contradict the injurious portions of their testimony.

The prosecutor's impeachment of witness West clearly falls within the parameters of this rule. First, the prosecutor had discussed the witness' testimony with her only a few days before trial and her sudden change was a surprise to him as evidenced by his reaction at trial. Second, her testimony directly contradicted the testimony of the State's chief witness, Ms. Logan, and was obviously injurious to the State. Third, while it is true that the trial court should not have allowed the State to introduce into evidence the portion of the transcript relating to the inconsistent statement since the witness admitted making the statement, we find this error to be harmless in view of the fact that the appellant was found guilty of the lesser offense of First Degree Manslaughter. This assignment of error is without merit.

■ In his second assignment of error, the appellant argues that the trial court had a duty to instruct the jury that they were not to use witness West's prior inconsistent statements as substantive evidence of appellant's guilt. However, since the appellant failed to object to the instructions given, failed to submit requested instructions, and the instructions given adequately covered the subject matter of inquiry, any alleged error in the instructions is waived unless the failure to give the instruction has deprived the appellant of a substantial right. *Id.* at 1361. Because the appellant was convicted of the lesser offense of First Degree Manslaughter and because of the

evidence of guilt was strong even without this witness' testimony, we find that these errors were harmless. *Id.* This assignment of error is likewise without merit.

■ As his third assignment of error the appellant asserts that the trial court erred in allowing the prosecution to present prejudicial evidence of other crimes without complying with the guidelines of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979). Specifically, the appellant complains that during the State's opening statement the prosecutor advised the jury that evidence would be presented that the appellant had been in possession of guns, that he was a pimp and that during the testimony of Ms. Logan, the prosecutor led her into testifying that the appellant usually carried a gun and that he had previously assaulted her. The prosecutor's comments during opening argument are not the type of other crimes evidence that is prohibited by *Burks*, supra. *Ozbun v. State*, 659 P.2d 954 (Okl.Cr. 1983). The opening statement is not evidence, and the trial court properly admonished the jury to that effect prior to the opening statement. *Id.*

On two occasions, defense counsel failed to interpose a timely objection to the alleged other crimes evidence. Therefore, any error has been waived. *Boyd v. State*, 572 P.2d 276 (Okl.Cr.1977).

■ When Ms. Logan testified that the appellant usually carried a gun, defense counsel objected and the trial judge sustained the objection, but counsel failed to request the court to admonish the jury to disregard the comment. (Tr. 235). Therefore, this issue was not preserved for appellate review. *Hickman v. State*, 626 P.2d 873 (Okl.Cr.1981).

When Ms. Logan further testified that the appellant usually carried a gun in his boot, the trial court overruled the objection because the question had already been asked and answered. The trial court did not err in overruling the objection.

■ The trial court overruled defense counsel's objection when witness Logan

testified that the appellant had assaulted her and threatened her not to tell anyone that he had killed the victim. (Tr. 241). We hold that the trial court correctly admitted the evidence of other crimes. Where there is a logical connection with the offense charged, evidence of separate and independent crimes may be admitted. *Bruner v. State*, 612 P.2d 1375 (Okl.Cr. 1980). The witness' testimony that the appellant threatened and assaulted her has a logical connection to the slaying in that it reveals the appellant's continuing attempts to conceal the fact that he killed the victim, and explains that the witness' reason for giving two or three prior inconsistent statements to the OSBI was due to her fear of the appellant. Therefore, "we conclude that the extraneous criminal transactions have both probative value and a logical relevancy to the crime charged so as to be admissible." *Id.* at 1377. This assignment of error is without merit.

In his fourth assignment of error, the appellant maintains that reversible error occurred when the trial court failed to issue any cautionary or limiting instruction on other crimes evidence. However, in view of appellant's failure to request a cautionary instruction, the error, if any, has been waived. *Wade v. State*, 624 P.2d 86 (Okl. Cr.1981).

As his fifth assignment of error, the appellant alleges that the trial court's instructions concerning whether Pam Logan was an accomplice were so confusing and contradictory that fundamental error occurred. We reject this contention.

Initially, we note that the appellant failed to object to the instructions of which he now complains and further failed to submit any requested instructions. Therefore, he has waived any error on appeal. *West v. State*, 617 P.2d 1362 (Okl.Cr.1980). Moreover, it is well settled that instructions to be given to the jury are left within the discretion of the trial court and his judgment will not be interfered with as long as the instructions when taken as a whole fairly and accurately state the applicable law. *Nunley v. State*, 660 P.2d 1052 (Okl.

Cr.1983). Finding no abuse of discretion, this assignment of error is without merit.

■ The appellant contends in his sixth assignment of error that reversal is required because the prosecutor made references to polygraph examinations administered to Pam Logan, Diana West and appellant, knowing the evidence to be inadmissible. Although the appellant correctly states that this Court has repeatedly held that polygraph examination results are inadmissible for any purpose, in the instant case the results of the tests were never presented at trial. When the agent began to testify about the polygraph examination, defense counsel promptly objected to the testimony and the trial judge sustained the objection and admonished the jury to disregard the witness' last statement. The error was properly cured by these measures. *Kitchens v. State*, 513 P.2d 1300 (Okl.Cr.1973). This assignment of error is meritless.

■ In his seventh assignment of error, the appellant alleges that the trial court abused its discretion and committed reversible error when it permitted the State to introduce allegedly gruesome and prejudicial photographs into evidence. We disagree.

The State introduced three (3) color photographs showing the victim's body. Two of the photographs were taken from some distance away and simply show the position of the victim's body as he lay on his back in an open field. The other photograph is a close-up picture of the victim's head and torso showing the bullet holes in the head and chest.

The admissibility of photographs is a decision within the trial court's sound discretion. *Glidewell v. State* 626 P.2d 1351 (Okl.Cr.1981). Photographs are admissible if relevant and if their probative value is not outweighed by danger of prejudice to the accused. *Id.* The photographs in the instant case are relevant to establish the corpus delicti and to aid the jury in reconstructing the crime scene. *Holloway v. State*, 602 P.2d 218 (Okl.Cr.1979). Further-

more, we are of the opinion that the appellant suffered no prejudicial effect from the photographs in that the jury convicted the appellant of First Degree Manslaughter although he was charged with First Degree Murder. This assignment of error lacks merit.

■ In his final assignment of error, the appellant contends that the trial court erred in not permitting Pam Logan to testify that another prostitute told her that if Paul Godwin, the victim, did not leave her alone she would have someone take care of him.

We find no error in the trial court's ruling. The attempted statement is clearly hearsay testimony. Title 12 O.S.1981, § 2801(3) provides that:

'Hearsay' is a statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted . . .

The appellant argues that while this statement is hearsay it falls within the state of mind hearsay exception. 12 O.S.1981, § 2803(3). However, we are of the opinion that the appellant did not attempt to offer this testimony to show the declarant's then existing state of mind. To the contrary, this statement was offered to prove the truth of the matter asserted—that the declarant may have had the victim killed. Therefore, this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence is AFFIRMED.

BRETT, P.J., and PARKS, J., concur.