Kevin Eugene RUSSELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–86–184.

Court of Criminal Appeals of Oklahoma.

Oct. 28, 1988.

Patti Palmer, Deputy Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., M. Caroline Emerson, Asst. Atty. Gen., Wellon B. Poe, Jr., Legal Intern, Oklahoma City, for appellee.

## OPINION

PARKS, Judge:

The appellant, Kevin Eugene Russell, was tried by jury and convicted of Possession of Cocaine (63 O.S. 1981, § 2–402), After Former Conviction of a Felony (21 O.S. 1981, § 51)(Count I), and Possession of Drug Paraphernalia (63 O.S.Supp. 1982, § 2–405)(Count II), in Comanche County District Court, Case No. CRF–85–132, before the Honorable Jack Brock, District Judge. The jury set punishment respectively at ten (10) years and six (6) months imprisonment. Judgment and sentence was imposed in accordance with the jury's verdict. We affirm Count I and reverse Count II with instructions to dismiss.

Around midnight on April 9, 1985, Lawton Police Officer Otis Russell, using binoculars, observed the driver, John Stephens, and the passenger, appellant, inside a vehicle, with the dome light on, in a park passing a glass bong back and forth and inhaling from it. Officer Russell approached the driver's side, while Officer William Miller approached the passenger side. When Officer Russell asked Mr. Stephens to get out of the car, Stephens threw a glass bong in the floorboard. While Offi-

cer Miller attempted to get appellant to step out of the passenger side, appellant dropped several items in the floorboard and tried to stuff a glass vial and a metal rod cotton swab between the seat cover and seat. When Officer Miller pulled appellant out of the car, the swab and vial fell in the floorboard, with a liquid pouring out of the vial.

Both suspects were frisked, and Officer Miller found a plastic straight razor in appellant's back pocket. After placing the two men under arrest, the officers conducted an inventory search of the vehicle prior to impoundment. During the inventory search, the officers confiscated several items from the passenger side floorboard, including a round glass vial, a square glass vial, a plastic package containing a white powder substance, a steel rod with a cotton swab, and some razor blades and cotton swabs. The officers also confiscated the glass bong.

John Stephens, the driver of the vehicle, testified at trial that prior to their arrest, he and appellant were smoking cocaine residue from his glass bong. He said appellant was looking at a glass vial and a metal rod cotton swab prior to being arrested. Mr. Stephens said that the package of cocaine, cotton swabs, razor blades, and vial of alcohol were his, but said that appellant might have had some cocaine in his hand that night. On cross-examination, Mr. Stephens testified that all of the items confiscated except the straight razor were his, and that they were already in his car when appellant got in the car.

OSBI Forensic Chemist James Bourland testified that he performed several standard scientific tests on State Exhibit 2, the glass bong, and found that it contained cocaine. He testified his preliminary examination of State Exhibit 4A, a glass vial, and State Exhibit 5, a straight razor taken from appellant, indicated the presence of cocaine, but the quantity was insufficient for a conclusive examination.

### I.

■ In his first assignment of error, appellant contends that his conviction for possession of drug paraphernalia must be dismissed because he was charged and convicted under the 1971 version of 63 O.S. Supp. 1982, § 2–405, which was declared unconstitutional in *Cole v. State*, 511 P.2d 593 (Okla.Crim.App.1973). We agree.

Appellant has not challenged, and thus we do address, the validity of Section 2–405, as it was amended in 1982 in response to the constitutional deficiencies found in *Cole*, 511 P.2d at 594–95, and *Lady Ann's Oddities, Inc. v. Macy*, 519 F.Supp. 1140 (W.D.Okla.1981). In *Cole*, the 1971 version of Section 2–405 was held invalid partly because it shifted the burden of proof to the defendant to prove that he possessed paraphernalia for a "medical or other lawful need." Significantly, in the instant case, appellant was charged with unlawfully possessing drug paraphernalia "without having any medical or other lawful need...." (O.R. 24) Despite a 1982 amendment deleting this unconstitutional language, in the case at bar the jury was instructed in accordance with the 1971 version. (O.R. 51) Consequently, the same problem concerning the shifting of the burden of proof to the defendant that was present in *Cole*, is present here. Accordingly, we hold that the State improperly charged and convicted appellant under the 1971 version of Section 2–405. *Cole*, 511 P.2d at 595. For these reasons, Count II must be reversed and remanded with instructions to dismiss.

### II.

Having found merit in appellant's first assignment of error, we find it unnecessary to address assignments two and four which relate solely to Count II, and we proceed to address assignment three only as it relates to Count I. In his third assignment of error, appellant complains that the trial court's instructions improperly allowed appellant to be convicted of possession of cocaine on the basis of joint possession.

■ Appellant was initially charged conjointly with John Stephens, but the conjoint allegations were dropped shortly before trial, after John Stephens entered a

plea of guilty. (O.R. 1, 24) Initially, we note that defense counsel's failure to object or offer written requested instructions at trial results in a waiver where the trial court's instructions accurately stated the applicable law. *See Sims v. State*, 731 P.2d 1368, 1371 (Okla.Crim.App.1987). The Information alleged the essential element of possession, and the evidence supported the theory of joint possession. Under these circumstances, we believe the trial court did not err in instructing the jury that appellant "alone may possess [the cocaine] or he may possess it jointly with others." It is well settled that possession of a controlled dangerous substance may be established by joint possession, where a party willfully and knowingly shares with another the right to control the contraband. *See Hammonds v. State*, 739 P.2d 525, 527 (Okla.Crim.App.1987); *Brown v. State*, 481 P.2d 475, 477 (Okla.Crim.App.1971). This assignment of error is without merit.

Accordingly, the judgment and sentence for Possession of Cocaine, After Former Conviction of a Felony, Count I, is AFFIRMED. For the reasons stated in Part I, the judgment and sentence for Possession of Drug Parapharanalia, Count II, is REVERSED and REMANDED with instructions to DISMISS.

BRETT, P.J., and BUSSEY, J., concur.