**Winston Eugene COULTER, Appellant,**

**v.**

**STATE of Oklahoma, Appellee.**

**No. F–85–542.**

Court of Criminal Appeals of Oklahoma.

Aug. 1, 1989.

Rehearing Denied Sept. 1, 1989.

Thomas Purcell, Asst. Appellate Public Defender, Norman, for appellant.

Robert H. Henry, Atty. Gen., Susan S. Dickerson, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Appellant, Winston Eugene Coulter, a/k/a Jeru Akbar Salaam, was convicted by a jury for the crime of Felonious Possession of a Firearm, in the District Court of Muskogee County, Case No. CRF–84–162, 21 O.S.Supp.1983, § 1283. He was sentenced to three (3) years imprisonment, and appeals.

1373

On the evening of April 12, 1984, the Muskogee Police Department received two separate calls, at different times, reporting a man threatening residents of an apartment complex with a gun. The police arrived too late to see the man on the first call. Muskogee Police Officer Jimmy Wooten responded to the second report around 10:30 p.m. Wooten was told by spectators in the area that a man with a gun had threatened some people, but that they disarmed him and threw his gun away. The officer had seen a maroon Cordova with a broken tail light, like the car described by the spectators, leave the apartment complex as he was entering to respond to the call. He radioed this information to Officer Sinyard, who was then on his way to the apartment complex. Sinyard stopped the vehicle near the complex. Wooten joined him a short time later.

Officer Sinyard ordered the driver out of the vehicle, then seeing appellant, the front seat passenger, reach under the front seat, Sinyard turned the driver over to Wooten and ordered the appellant out of the car where he was arrested for Public Drunk while the other passenger remained in the back seat. The officer then searched under the seat and in the console glove box where he found a handgun which was the basis for appellant's conviction.

As his sole assignment of error, appellant asserts that the gun should have been excluded from evidence because the weapon was obtained by an illegal search and seizure. The trial judge ruled that the gun was admissable and that the appellant lacked standing to object to the search. It was unnecessary for the trial judge to rule on the standing issue since the search was within an exception to the warrant requirement.

■ Even when there is no probable cause to make an arrest, a police officer may stop an individual if they "[h]ave a reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then [an investigative] stop may be made to investigate that suspicion." *Peters v. State*, 725 P.2d 1276 (Okl.Cr.1986) (quoting *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 679, 83 L.Ed.2d 604 (1985)).

The police had reasonable suspicion that appellant had committed a felony in pointing a firearm at individuals. *See* 21 O.S. 1981, § 1289.16. This suspicion was based on specific complaints and descriptions by eyewitnesses at the scene. A police officer is entitled to act on reliable information provided by respectable citizens. *Williams v. State*, 720 P.2d 341 (Okl.Cr.1986). Therefore, the police properly stopped appellant in order to investigate further.

■ Appellant alleges that even if the stop was proper, the search was violative of his Fourth Amendment Rights. We do not agree.

When the police stopped the Cordova, three men were inside. Officer Sinyard observed appellant, who was in the front passenger's seat, reach under his seat. Appellant was removed from the vehicle and subsequently arrested for Public Drunk. The record does not clearly indicate whether the search took place before or after appellant was arrested. Nevertheless, we find the search to be valid in view of the surrounding circumstances. The third passenger had not yet been removed from the vehicle. Sinyard testified that the vehicle was a two-door model and that he felt that his safety dictated a scan search of the vehicle for weapons was necessary before removing the backseat passenger.

"The search of the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden, is permissible if the police officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with rational inferences from those facts reasonably warrant' the officer in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Michigan v. Long*, 463 U.S. 1032, 103 S.Ct. 3469, 3481, 77 L.Ed.2d 1201

(1983). *See also, Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

This type of area search during an investigative detention was justified by the reasonable suspicion that the man still seated in the back seat of the vehicle could have posed a real and immediate threat to the officers. Two calls had been received by the police that a man had been pointing a gun at individuals. The officers had a description of the vehicle and under these circumstances were completely justified in their limited search for weapons due to the risk to themselves and the community.

Based on the specific and articulable facts of this case, we find that the search was not for evidence of a crime, but for the protection of the officers and others nearby.

Finding no error, judgment and sentence is AFFIRMED.