Arthur Lee ALLEN, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–87–436.

Court of Criminal Appeals of Oklahoma.

Nov. 22, 1989.

**496**

Paula M. Henderson, Asst. Public Defender, Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Steven Spears Kerr, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LANE, Vice–Presiding Judge:

Arthur Lee Allen was convicted by a jury of Grand Larceny (21 O.S.1981, § 1701), After Conviction of Two or More Felonies in Oklahoma County District Court, Case No. CRF–86–3009. He was sentenced to a term of fifty-five (55) years in the custody of the Department of Corrections. He now appeals, alleging that he was improperly convicted based on "other crimes" evidence, that the victim's identification of him as the perpetrator of the crime was riddled with error and that the performance of his counsel at trial was unconstitutionally deficient. We reject these claims and affirm the conviction.

Appellant went into Harper's Grocery Store on April 28, 1986 and requested the clerk to give him a package of cigarettes. Before paying for the cigarettes, Appellant asked if he could use the restroom. Appellant had been gone several minutes when the clerk, Angela Williams, became concerned that Appellant had been in the restroom too long. She went back to check on him. She peeked through a hole in the restroom door where a lock was missing and saw Appellant taking money from a wallet out of her purse. Ms. Williams had left her purse in the store's office, which was next to the restroom. Ms. Williams yelled at Appellant. He pushed open the door, knocking Williams to the floor, and ran out of the store.

On June 9, 1987, Appellant was arrested following a traffic stop. He gave the arresting officer a false name. He also attempted to evade arrest by claiming that he was on the way to the hospital because his passenger, a woman approximately twenty-five (25) years old, was having a heart attack. This claim was not true. After determining that the car which Appellant was driving was stolen, Appellant was arrested. Following his arrest, Appellant was questioned about the money stolen from Harper's Grocery. Without being told any details of the crime, Appellant stated that "those people are lying on me." Transcript II, p. 89.

As his first claim of error, Appellant alleges that his conviction was improperly based upon evidence that he had committed crimes other than that for which he was on trial. In his discussion of this claim of error, Appellant directs our attention to a number of cases which all stand for the proposition that evidence of other crimes may not be admitted to prove that because a defendant has committed other offenses, he must be guilty of the crime at issue. This Court has never held contrary to that well established principal of law. *See* *Burks. v. State,* 594 P.2d 771 (Okl.Cr.1979).

Although Appellant aptly describes the principal of law he is seeking to invoke, he fails to identify any instance where any evidence of another crime was offered into evidence against him. During an *in camera* hearing, the arresting officer testified about the circumstances of Appellant's arrest. Several criminal offenses were implicated. The officer was instructed not to mention any of the other crimes during his testimony. He was, however, allowed to testify that Appellant gave a false name and lied about the health of his passenger in an attempt to avoid being detained. This is the only testimony which Appellant specifically identifies as objectional.

Testimony concerning the events surrounding a defendant's arrest is generally admissible as tending to prove the defendant's guilt of the crimes charged. In *Wills v. State,* 636 P.2d 372 (Okl.Cr.1981), we held:

Evidence of a defendant's flight has long been held admissible as tending to show consciousness of guilt. *Farrar v. State*, 505 P.2d 1355 (Okl.Cr.1973). A defendant's attempt to hide his identity has been held admissible as a circumstance bearing on consciousness of guilt. *Almerigi v. State*, 17 Okl.Cr. 458, 188 P. 1094 (1920).... Actions by a defendant, such as flight to avoid arrest, procuring perjured testimony, attempts to destroy evidence and attempts to cause the absence of a witness from appearing at trial, are admissible as tending to establish the guilt of the accused.

*Id.* at 375–76. *See also Croan v. State*, 682 P.2d 236 (Okl.Cr.1984).

■ Although the admonitions of the court and the prosecutor to the testifying officer, directing him to avoid any inference that Appellant was suspected of having committed any other crime at the time of his arrest, properly preserved Appellant's right not to be convicted based on any improper evidence, we find that the evidence concerning Appellant's attempt to avoid arrest by claiming that his passenger was suffering a medical emergency and then by giving a false name, were not relevant to the current charges and should not have been admitted.

The testimony in question may have been proper had Appellant been on trial for having stolen the car which he was driving at the time of the stop. It was not, however, probative of his guilt of the present crime which had occurred almost two months previous. There is no evidence linking Appellant's evasive actions at the time of the traffic stop in June, with any acknowledgment of guilt for having stolen money from a store in April. This is especially true in light of the fact that Appellant was driving a stolen car when he was pulled over. His actions were more likely than not directed at avoiding arrest for being in possession of a stolen car.

■ Although we find that the testimony involving the arrest was irrelevant, it does not require reversal. There was strong evidence against Appellant in the form of eye-witness identification and his own statement after the arrest. In the interest of justice, however, we will modify Appellant's sentence to the statutory minimum, twenty (20) years, thus neutralizing any effect this testimony may have had.

Appellant's next series of contentions all hinge upon our resolution in his favor of his claim that the photographic lineup shown to Angela Williams was unduly suggestive, thus tainting her in court identification of Appellant as the man who she saw stealing the money from her purse. A photo lineup will be considered to have created error only when it "is so impermissibly suggestive as to give rise to a substantial likelihood of irreparable misidentification". *Rogers v. State*, 721 P.2d 820 (Okl.Cr.1986). *See also Simmons v. United States*, 390 U.S. 377, 384, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247 (1968).

■ When a question exists concerning the legality of an extrajudicial identification, a defendant must object at trial, triggering the requirement that the trial court conduct a hearing outside of the jury's presence "to determine whether the witness is able to make an identification of the defendant which is independent of and severable from the pretrial procedure." *Richardson v. State*, 600 P.2d 361 (Okl.Cr.1979). *See also, Thompson v. State*, 438 P.2d 287 (Okl.Cr.1968). No such request was made in the present case. Accordingly, we will limit our review to a determination of whether the lineup was fundamentally unconstitutional based upon the evidence presented in the course of the trial.

■ Ms. Williams told police that the man she saw removing money from her purse was "about medium height. He had short hair cut; not long but a short hair cut. He had a mustache." Tr. II, p. 34. We have examined the six photographs which police officers showed to Ms. Williams. We find that all are similar to this description. We have previously held that " 'participants in pretrial [sic] photo displays should possess the same general physical characteristics as the accused' and that 'substantial compliance with physical similarity guidelines will suffice' to protect

an accused person's right to due process." *Peters v. State*, 725 P.2d 1276, 1278 (Okl. Cr.1986) quoting *Leigh v. State*, 698 P.2d 936, 937 (Okl.Cr.1985). All the subjects in the present photos had similar facial features, facial hair and build. Although several of the men had longer hair than others, all had short hair cuts. The officer testified that Ms. Williams unequivocally identified Appellant immediately. Based on the record before us, we do not find that the lineup was in any way suggestive.

■ Appellant further complains that the picture of the accused in this case was improper because it had his name on the back of the picture. There is, however, no testimony that the witness was shown the back of the picture. Accordingly, we will not find that error occurred. *Peters*, 725 P.2d at 1278.

■ Appellant next contends that the trial court should not have allowed police officers to testify concerning Ms. William's identification of Appellant from the photo lineup. We have previously held that such testimony does not constitute error if the eyewitness has already identified the accused in court. *Scales v. State*, 737 P.2d 950, 952 (Okl.Cr.1987); *Jones v. State*, 695 P.2d 13, 16 (Okl.Cr.1985); *Martinez v. State*, 569 P.2d 497, 500 (Okl.Cr.1977). In light of this previous authority, and especially in view of the fact that there was no objection at trial, we do not find that any error occurred.

■ The same result must be reached in regard to Appellants fourth allegation of error; that the trial court erred when it failed to *sua sponte* give the jury a cautionary instruction on identification by an eyewitness. Appellant did not request such an instruction at trial and may not now be heard to complain. "[D]efense counsel's failure to object or offer written requested instructions at trial results in a waiver where the court's instructions accurately stated the applicable law. *See Sims v. State*, 731 P.2d 1368, 1371 (Okl.Cr. 1987)." *Russell v. State*, 763 P.2d 1180, 1182 (Okl.Cr.1988). As stated previously in this opinion, we have not been presented with any evidence that the witness' identification of Appellant was in any way flawed. There was no reason for an instruction on identification by an eyewitness, thus there was no error committed here.

■ Appellant's final contention involves his allegation that he received ineffective assistance of counsel at trial because of his attorney's failure to move to suppress any evidence involving the identification of Appellant by Ms. Williams. This argument is based upon Appellant's belief that the photo lineup irrevocably flawed any subsequent identification. While we cannot condone counsel's failure to raise this issue properly at trial, we do not find that his performance was so substandard as to be considered constitutionally deficient. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In light of our finding that the photo lineup was conducted correctly, however, we cannot say that Appellant was prejudiced by counsel's failure to pursue this theory at trial. Accordingly, we find that Appellant has not demonstrated sufficient prejudice to entitle him to relief on this ground. *See Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069–70.

Based upon our review of the claims raised by Appellant, we do not find any error which requires us to either reverse or modify the conviction. We have identified error which requires modification. Accordingly, Appellant's judgment and sentence are AFFIRMED as MODIFIED.

PARKS, P.J., and BRETT, J., concur.

LUMPKIN and JOHNSON, JJ., concur in part/dissent in part.

LUMPKIN, Judge: concurs in part/dissents in part.

I concur in the Court's decision to affirm the conviction in this case, however, I must dissent to the modification of the sentence.

The Court determines that the arresting officer's testimony regarding the arrest of Appellant is not relevant to this case and requires a modification of the sentence from fifty-five (55) years to twenty (20)

years to "... neutraliz[e] any effect this testimony may have had." I cannot agree to speculation that the testimony may have had an effect on the case when none is shown in the record. The Court correctly finds that there was strong evidence against Appellant based on the eye-witness identification and his own statement after arrest. The Appellant was convicted of Grand Larceny, After Conviction of Two or More Felonies. The evidence presented to the jury shows the Appellant was previously convicted of the crimes of Robbery by Force on April 23, 1979, in Tulsa County Case No. CRF–79–166 and Robbery by Force After Former Conviction of a Felony on October 9, 1980, in Tulsa County Case No. CRF–80–2187. While the relevancy of the Appellant's actions at the time of the arrest may be questionable, the testimony was not sufficient to require modification of the sentence in light of the record presented to us.

I would affirm the judgment and sentence in this case.

JOHNSON, Judge, concurs in part/dissents in part.

I concur with the decision reached by the Court but I dissent as to the modification of the sentence to the statutory minimum of twenty years. From the record, there was sufficient evidence on which to base the finding of guilt due to the eye witness and the statement of the defendant. Based upon the previous decisions of this Court, it does not seem that the testimony that was given by the police officer prejudiced the defendant to the tune of thirty-five years.