1998 OK CR 29

**Robert Lee ABRAHAM, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–97–463.

Court of Criminal Appeals of Oklahoma.

Jan. 7, 1998.

As Corrected May 12, 1998.

*ACCELERATED DOCKET ORDER*

¶ 1 Appellant was found guilty after a non-jury trial before the Honorable E.R. Ned Turnbull, District Judge, in the District Court of Tulsa County, Case No. CF–96–4572, of Possession of Controlled Dangerous Substance. He was sentenced to three (3) years. From this Judgment and Sentence, Appellant appeals.

¶ 2 On appeal Appellant raised three propositions of error:

1. The officer lacked an adequate basis for conducting a stop of the Appellant;

2. The officer lacked an adequate basis for conducting a weapons search of the Appellant; and

3. Assuming the search was permissible, the officer had no right to seize an item he did not have reason to believe was a weapon.

¶ 3 Pursuant to Rule 11.3, *Rules of the Oklahoma Court of Criminal* Appeals, Title 22, Ch. 18, App. (1997), this appeal was assigned to the Accelerated Docket of this Court upon Petitioner's application. The propositions or issues were presented to this Court in oral argument December 18, 1997, pursuant to Rule 11.2(F). At the conclusion of oral argument, the parties were advised of the decision of this Court. It is the finding of this Court that the officer's conduct in stopping Petitioner, searching him, and seizing the contraband found incidental to that search, was proper.

¶ 4 There was probable cause to stop Petitioner for questioning based upon the information presented to the officer in question and the officer's duty to investigate a reported crime. We have stated that even when there is no probable cause to make an arrest, if an officer has "reasonable suspicion, grounded in specific and articulable facts, that a person they encounter was involved in or is wanted in connection with a completed felony, then [an investigative] stop may be made to investigate that suspicion." *Coulter v. State,* 777 P.2d 1373, 1374 (Okl.Cr.1989); *Peters v. State,* 725 P.2d 1276, 1277 (Okl.Cr. 1986). Moreover, as the offense reported was an offer to sell drugs, the officer had an adequate basis for conducting a weapons search of the Appellant. It was reasonable for the officer to conclude that Appellant might be armed, therefore justifying the weapons search. And, pursuant to the Su-

preme Court's decision in *Minnesota v. Dickerson*, 508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993), seizure of the drugs was proper. The Court noted:

"If a police officer lawfully pats down a suspect's outer clothing and feels an object whose contour or mass makes its identity immediately apparent, there has been no invasion of the suspect's privacy beyond that already authorized by the officer's search for weapons; if the object is contraband, its warrantless seizure would be justified by the same practical considerations that inhere in the plain view context." 508 U.S. 366, 375–76, 113 S.Ct. 2130, 2137, 124 L.Ed.2d 334, 345–46.

¶ 5  **IT IS THEREFORE THE ORDER OF THIS COURT,** by a three (3) to two (2) vote, that the Judgment and Sentence is **AFFIRMED.**

¶ 6  **IT IS SO ORDERED.**

¶ 7  **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 7th day of January, 1998.

/s/ Reta M. Strubhar
RETA M. STRUBHAR, Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge

/s/ James F. Lane
JAMES F. LANE, Judge

CHAPEL, P.J., and JOHNSON, J., dissent.

CHAPEL, Presiding Judge, dissenting:

¶ 1  I dissent from the majority's conclusion that the officer in this case had the right to search Abraham. The facts of this case reveal that Officer Darren Collins was working at the Tulsa State Fair in September of 1996. Around midnight, an unknown male advised the officer that a man had driven up and asked him if he wanted to buy drugs. The man showed the officer the car and then pointed out Abraham as the man. The officer approached Abraham and ordered him to turn off the car and get out. He then had Abraham place his hands on the trunk and frisk searched him. He felt a bulge in Abraham's sock which he believed to be narcotics, so he pulled down Abraham's sock and discovered a single rock of cocaine in a plastic baggie.

¶ 2  Under these circumstances, Officer Collins clearly had the right, and perhaps the duty, to stop Abraham and question him. But the issue is whether the search was proper. I cannot join my colleagues in holding that the weapons search, which led to the discovery of cocaine in Abraham's sock, was reasonable.[1] In determining whether an officer has acted reasonably, due weight must be given, not to his inchoate and unparticularized suspicion or 'hunch,' but to the specific reasonable inferences which he is entitled to draw from the facts in light of his experience.[2] No reasonably prudent man under the circumstances of this case would be warranted in the belief that Abraham was armed or would pose a threat to the officer while he was being questioned.[3] The majority's rationale, that the officer had adequate basis for the search since Abraham "might be armed" due to the type of offense reported, is nothing more than an unparticularized suspicion or hunch—the very sort that *Terry* specifically forbids. Accordingly, while Officer Collins may have had cause to briefly detain Abraham in order to ask him questions, he did not have reasonable suspicion to conduct a weapons search. "The sole justification of [a *Terry* search] is the protection of the police officer and others nearby."[4]

---

1.  *Terry v. Ohio*, 392 U.S. 1, 24, 88 S.Ct. 1868, 1881, 20 L.Ed.2d 889 (1968) (if an officer is justified in believing that the individual whose suspicious behavior he is investigating at close range is armed and presently dangerous to the officer or to others, officer may take necessary measures to determine whether the person is in fact carrying a weapon and to neutralize the threat of physical harm).

2.  *Terry*, 392 U.S. at 28, 88 S.Ct. at 1883.

3.  *Id.*

4.  *Terry*, 392 U.S. at 29, 88 S.Ct. at 1884.